## Seaman *vs.* Mariani.

Action, for balance of an account. Defense, payment by a promissory note. Replication, that plaintiff was induced to receive the note by means of fraudulent representations. *Held*, that the case was not referable under the statute, without the written consent of both parties.

Appeal from the district court of the fourth judicial district. The sections of the statute under which the following decision was made, are as follows :

"Sec. 163. All or any of the issues in the action, whether of "fact or of law, or both, may be referred, upon the written con-"sent of the parties.

"Sec. 164. When the parties do not consent, the court may, "upon the application of either, or of its own motion, except "when the investigation will require the decision of difficult "questions of law, direct a reference in the following cases :

"1. Where the trial of an issue of fact shall require the exam-"ination of a long account on either side, in which case the "referees may be directed to hear and decide the whole issue, or "to report upon any specific question of fact involved therein ; or,

"2. Where the taking of an account shall be necessary for the "information of the court before judgment, or for carrying a "judgment or order into effect ; or,

"3. Where a question of fact, other than upon the pleadings, "shall arise upon motion, or otherwise, in any stage of the "action."

*By the Court,* Hastings, Ch. J. By the record it appears that the plaintiff sued the defendant for balance of an account for work and labor done as a mechanic. The balance not being disputed, the defendant, by his plea, set up payment by a promissory note due plaintiff at four months after date, to which the plaintiff replied fraud in the execution of the note, and rendered the same to be cancelled on the trial, and insisted on judgment

for the balance of the original indebtedness. The court, without the written consent of the parties, and against the verbal consent of the plaintiff, referred the issue to a single referee. The 136th sec. chap. 10 of the Practice Act, provides that whenever there shall be an issue of fact, it must be tried by a jury, unless a jury be waived. The 136th sec. of the same act, (*chap.* 13,) among other things provides, that such an issue, if tried by referees, must be referred upon the written consent of the parties. It is evident that there was not an issue in which the court could, upon its own motion, direct a reference, as it does not appear to present either one of the three cases specified in the 164th section of same act, in which the court is authorised to order a reference to either one or more referees, without the consent of the parties. The judgment therefore of the district court will be reversed, and cause remanded for further proceedings.

Ordered accordingly.