THOMAS J. SMITH and ALLEN T. WILSON, Respondents, *v.* JOEL S. POLLOCK, Appellant.

The consent of a party to an order of reference must be in writing, or entered on the minutes.

The right of trial by jury cannot be waived by implication.

The agreement of an attorney or counsel to conclude the client must be in writing, and filed with the clerk, or entered on the minutes.

It seems that an appeal from an order of reference stays the proceedings.

APPEAL from the District Court of the Fourth Judicial District.

Smith & Wilson sued Pollock for $1750, upon a *quantum meruit*, for services rendered the defendant by the plaintiffs, as attorneys, &c. The affidavit of Wilson was filed, stating that the defendant was indebted to the plaintiffs in the sum claimed, over and above all legal set-offs or counter claims, upon an implied contract for the direct payment of money, made since the 1st of May, 1851, within this State, and that payment had not been secured by any mortgage on real or personal property;—together with an undertaking by two sureties, that if the defendant should recover judgment in the action, the plaintiffs would pay all costs awarded him, and all damages he might sustain by reason of the attachment about to be sued out, not exceeding $500. A writ of attachment was thereupon issued, directing the sheriff to attach sufficient of the defendant's property subject to execution, to satisfy the demand, unless the defendant should give security to satisfy the same, &c.: which was levied on sundry property, and notice served on certain debtors of the defendant. The defendant

was served with process.  Wilson also filed an affidavit, seeking an order restraining the defendant from disposing of his choses in action, &c., pending the action; but the record does not show what action was had on it.

The defendant answered, denying the complaint: and further charging that the plaintiffs had acted unskilfully and negligently in the business, for which they sought compensation, &c.; and that the defendant had already paid them more than they deserved, &c.

Wilson filed his affidavit, stating that the trial would involve the examination of a long account, consisting of nine or more items, all of which were contested by the answer, and all of which the plaintiffs expected to prove; on which a rule was granted on the defendant to show cause why the cause should not be referred.   On the return of the rule, the defendant's counsel appeared in court; and on motion of the plaintiffs, an order was made referring the cause to F. J. Lippitt, an attorney, to try and report on all the issues.   The defendant's counsel made no objection to the order; and on his suggestion, a *proviso* was added, that the plaintiffs should serve the defendant with a copy of the account sued on, three days before proceeding to trial before the referee.   A few days after the order of reference was made, the defendant moved that the order of reference be set aside, and insisted on a trial by jury.   In support of this motion, the defendant filed his affidavit, stating that several of the items on the plaintiffs' account were entirely false, no such suits as charged for in the account having ever been in court, as proved by the certificate of the clerk, annexed to the affidavit; and that the defendant believed the false charges were put in the account for the purpose of making the cause appear fit for reference, whereas it was fit for a jury, &c.   The Court overruled the motion, and refused to set aside the order of reference; and the defendant excepted, and appealed.

The plaintiffs insisted that the appeal did not stay the proceedings, and purposed proceeding to trial before the referee. On the petition and affidavit of the defendant, Justice MURRAY made an order restraining the plaintiffs and the referee from proceeding pending the appeal.

*P. W. Tompkins,* for the appellant, cited New Pract. Act,

sect. 183; Const. of California, art. 1, sec. 3; Const. U. S. art. 7; 2 Pet. 524; 3 Ib. 445-6; 1 Kent, 449; Smith's Com. 387-8; Watson v. Alexander, 1 Wash. 352.

The brief of the respondents is not on file.

Justice MURRAY delivered the opinion of the Court. This is an appeal from an order made in the Court below, referring the cause to F. J. Lippitt, to try and report on all the issues. The record shows that the appellant was in Court, by his counsel, at the time the order was entered, and made suggestions as to the form, &c., of the order. The appellant filed his affidavit, stating that he had never consented to such reference, and prayed the Court to set the same aside. Art. 1, sec. 3, of the Constitution of this State provides, that "the right to trial by jury shall be secured to all, and shall remain inviolate forever; but a jury trial may be waived by the parties in all civil causes, in the manner to be provided by law." The 182nd sec. of the Act to regulate proceedings in civil actions (cases ?) provides that " a reference may be ordered upon the agreement of the parties filed with the Court, or entered in the minutes." The same act also gives the Court power to refer cases where the parties do not agree, for certain purposes. It is admitted that the reference under the order in this cause would amount to the finding of a jury. The language of the Constitution is explicit; and it is evident that the framers of that instrument intended to give the benefit of the trial by jury in every case. The mere silence of an attorney cannot amount to a waiver of a constitutional right. The act concerning references requires the consent to be in writing, or entered on the minutes. This waiver must appear affirmatively, and not by implication.

Neither is the appellant concluded by this act of his counsel. The Act concerning attorneys and counsellors gives an attorney or counsel power to bind his principal by an agreement in writing, filed with the clerk, or entered on the minutes of the Court. No such agreement appears in the record of this case.

The order of reference had the direct effect to deprive the appellant of a constitutional right. The waiver of such right must appear in the manner prescribed by law. No such waiver appears directly from the record; and this Court cannot infer it from the silence of the appellant's counsel.

The order of the court below must be reversed, with costs.