## MOWRY W. SMITH *v.* RUFUS ROWE *et al.*

[1] TRIAL—SPECIAL ISSUES, HOW FRAMED.—When, in a chancery case, the Court directed that special issues of material facts in the case should be framed or settled, and stated in writing, before proceeding to trial, *held,* not to be error.

LAW AND EQUITY DISTINCTIONS PRESERVED.—The essential and inherent distinctions between law and equity, as two separate though connected sciences, is not abolished by the Practice Act.

REFERENCE—CONSENT, WHEN ESSENTIAL.—When this Court decided in *Polack* v. *Smith,* that a reference could not be ordered without the consent of the parties, it intended that decision to apply to a case at common law, in which the party was entitled to a jury trial, and not to extend to cases in equity.

---

[1] Cited in *Still* v. *Saunders,* 8 Cal. 286; *Patterson* v. *Donner,* Cal. Sup. Ct. Jan. T. 1870. Not reported.

Mr. Ch. J. WELLS delivered the opinion of the Court.
Mr. J. HEYDENFELDT concurred.

This cause was called on for trial in the District Court,
Fourth District, and the parties being ready, the jury sworn
and empaneled to try the same, the Court, upon the sug-
gestion of the defendants' counsel, directed that special
issues of the material facts in the case, should be framed or
settled, and stated in writing, before proceeding with the
trial.   To this the plaintiff's counsel excepted, and insisted
upon proceeding with the trial upon all the issues of facts
as presented by the pleadings.   An application is now made
to this Court for an order or mandate, requiring the Court
below to proceed with the trial in the manner insisted on by
the plaintiff.   The record in the cause discloses that
this suit was brought in the *nature of a proceeding      [7]
in chancery, to obtain certain equitable relief de-
manded, and the answer sets up cross-claims in equity, in
the nature of a cross bill in chancery; the issues involved
are consequently complicated, and of more or less material-
ity, and comprehend questions both of law and equity, as
well as of facts.   This Court has heretofore decided that
the Constitution of the State recognizes a distinction be-
tween law and equity, and this is in consonance with the de-
cisions of New York, under the Code.   Although the formal
distinctions between common law and equity pleadings, be,
as they unquestionably are, under our Practice Act, abol-
ished; still such is not, and cannot be the case with refer-
ence to the essential and inherent distinctions between law
and equity themselves, as two separate, though connected
sciences.   So that, if the case and the relief sought be of
an equitable nature, then the rules of chancery are to be
applied; otherwise, those of the common law.   (Whittaker,
150, 154, 157.)   This Court has also decided that the right
of trial by jury does not necessarily attach in every case;
that we must look to the jury trial as known to the common
law; that the Legislature, in providing that there should be
but one form of action, only intended to abolish the dis-

tinctions as to forms; and it might, if it had seen proper, have provided for the disposition of cases purely equitable in their character, without the intervention of a jury. And we entertain no doubt, that in the absence of any statutory prohibition, the Court may, in such cases, resort to well the known rules and settled principles of chancery practice.

When this Court decided in *Smith* v. *Polack*, 2 Cal. 92, that a reference could not be ordered without the consent of the parties, it intended that decision to apply to a case at common law, in which the party was entitled to a jury trial. Some misunderstanding seems to have existed in the minds of the bar as to the effect of that decision, but we entertained no doubt, at that time, that the Court might order a reference in a case in equity. It is not to be supposed that the Legislature ever intended to refer the trial of cases involving long accounts, or embracing questions strictly equitable in their character, and requiring the settle- [8] ment of conflicting equities, to a * jury of laymen; and hence we find, in the decisions under the Code of New York, from which our Practice Act is almost exclusively taken, that the Courts do refer cases of this nature to a referee or master, and that they also direct that such cases shall be tried by a jury, on issues specially prepared by the Judge, and submitted to them for their decision, as in the case of *Wood* v. *Harrison*, 2 Sand. 665.

It is true, that the general tendency of the decided cases runs in favor of all controversies of an equitable nature being tried by the Court alone, without a jury; and it is said, that " the practical impossibility of complicated equitable questions being adequately dealt with by the latter, is well demonstrated in the recent case of *Wooden* v. *Waffle*, 6 How. Pr. 145, C. R. (N. S.) 392." In the case before us, we can see no impropriety in the direction of the Judge, that the material issues of fact in the case should be framed and settled by the counsel for the parties, and stated in writing, before proceeding to submit the case to a jury; and the Court itself might have directed the special issues to be prepared and submitted to the jury, as if exercising equity jurisdiction in a Court of Chancery. The counsel for the

plaintiff contends, however, that the power of the Court, in this respect, is limited by Section 175, Art. III of the Practice Act, which is as follows: "The Court may instruct the jury to find a special verdict; when not so instructed, the verdict shall be general." But even this section of the statute seems but to strengthen the argument and confirm the conclusion to which we have arrived already. For the Court, having thus been empowered to instruct a jury to return a special verdict, might direct them to return such verdict upon certain issues prepared and settled or framed by the Court; and the matter of time we deem immaterial, except that for greater certainty and convenience, it would best serve the ends of justice that the particular issues, upon which a verdict is to be so rendered, should be framed and settled before the trial, rather than after: thus enabling the jury to pursue their investigations intelligently upon the points they would be called upon by the Court to decide.

The prayer of the petitioner for mandamus must, in view of these considerations, be denied.