———O———

E. CAULK, Respondent, *vs.* J. C. BLYTH, *et al.*, Appellants.

1. *Equity—Reference not allowed unless by consent, when.*—In proceedings in chancery to correct a mistake in the description of land in a conveyance, the court, under the statute, (Wagn. Stat., 1040, § 12 ; 1041, §§ 13, 17,) has no authority to award issues and refer them to be tried by referees, without the written consent of the parties. Such case does not come within the provisions of § 18 p. 1041, Wagn. Stat.

*Appeal from McDonald County Court.*

*H. C. Young*, for Appellants.

*Randolph & Thrasher*, for Respondent.

ADAMS, Judge, delivered the opinion of the court.

This was an action in the nature of a bill in chancery to correct a mistake in the description of land in a conveyance. When the case was called for trial, the court on its own motion appointed referees to try the issues, and ordered them to report at the next term of the court. At the next term the referees filed their report, and the evidence upon which it was founded. The defendants objected to the report and moved the court to reject it, because the court had no right on its own motion to make the reference. The court overruled this motion and without hearing any evidence pronounced a decree in favor of the plaintiff, on the report of the referees, according to the prayer of the petition. From an inspection of the evidence as reported by the referees, I have no doubt the justice of this case is on the side of the plaintiff. But the court had no authority on its own motion to refer it. The whole subject of reference is governed by the statute. In actions for the recovery of money only, or of specific, real or personal property, an issue of fact must be tried by a jury, unless a jury trial be waived or a reference ordered as provided by the statute. (Wagn. Stat., 1040, § 12.) Every other issue must be tried by the court, which however, may take the opinion of a jury upon any specific question of fact involved, or may refer it as directed by the statute. (Wagn. Stat., 1041, § 13.) The statute provides that "all or any of the issues of fact in the action may be referred upon the written consent of the parties." (Wagn. Stat., 1041, § 17.) "Where the parties do not consent, the court may, upon the application of either, or of its own motion, direct a reference in the following cases: First, when the trial of an issue of fact shall require the examination of a long account on either side, in which case the referees may be directed to hear and decide the whole issue, or to report upon any specific question of fact involved therein ; or, second, where the taking

of an account shall be necessary, for the information of the court, before judgment, or for carrying a judgment or order into effect ; or third, where a question of fact other than upon the pleadings, shall arise upon motion or otherwise in any stage of the action." (Wagn. Stat., 1041, § 18.) These are all the provisions of the statute allowing references to be made. It is obvious from these quotations that the court had no right to award issues in this case and refer them to be tried by referees without the written consent of the parties. There was nothing in the case that brought it within the provisions of the 18th section above quoted.

For these reasons the judgment must be reversed, and the cause remanded. Judges Vories and Napton concur. Judges Sherwood and Wagner absent.