McSWEEN v. McCOWN.

1. The right given to parties by section 2210 of the general statutes to examine witnesses before the clerk of court does not limit the power of the Circuit judge to order a reference to take testimony.
2. A reference to take testimony which is to be reported to the court is not a reference for trial, and therefore is not governed by section 293 of the code.
3. In equity causes it is within the judge's discretion to require the testimony to be taken by a referee and reported to the court.
4. It may be better in some cases to have the testimony given orally before the judge, but the mode of taking evidence in equity causes is a matter to be determined by the presiding judge.

Before Pressley, J., Darlington, October, 1883.

This was an action by John McSween, as survivor of Keith & McSween, against Samuel O. McCown, Carrie B. McCown, and her children, and was commenced April 27, 1882. The opinion states the case.

*Messrs. Dargan & Dargan,* for appellants.

*Messrs. Boyd & Nettles* and *E. K. Dargan,* contra.

July 7, 1884. The opinion of the court was delivered by

Mr. Chief Justice Simpson. This action was brought to vacate and set aside a deed for alleged fraud in its intent and purpose. The case was called for trial at the October term of the court for Darlington in 1882. A continuance was moved by the defendants, which was granted by consent. At the October term, 1883, the case was again called for trial. The defence again asked a continuance; counsel for the plaintiff did not press for trial, but moved a reference to take testimony, on the ground that the witnesses were old and feeble and that delay in hearing the case might be prolonged. This motion was earnestly resisted by the defendants. The presiding judge, however, overruled defendants' objection and ordered the reference, saying, "that after a cause had been so long on the docket he had a right to refer it to a referee." The defendants declining to name a referee, on motion of plaintiff's counsel, the judge passed the following order: "Ordered, that it be referred to G. W. Brown, Esq., as referee, to take and report the testimony in the cause." From this order the defendant, Carrie B. McCown, in her own behalf, and as guardian *ad litem* for the infant defendants, has appealed, in which the legal right of the Circuit judge to pass the above order is questioned and denied. This, in fact, is the only question in the case.

The appellant contends that under section 2210 of the general statutes, plaintiff, by application to the clerk of the court, could have accomplished their purpose in securing the testimony and preparing for the trial as easily and as certainly as by the reference; in fact, that this was the only legal mode of effecting such a result, as it was prescribed by statute, and no doubt intended to meet just

such cases. It is true that this section does provide a mode to the end suggested, but this is a privilege allowed to parties, and in no way restricts or affects the powers of the presiding judge in such matters. It is a mode prescribed by which parties on their own motion, and independent of any action of the court, may have their witnesses examined in advance and preparatory to the final hearing, but it does not limit the power of the judge in the exercise of his discretion as to the conduct of the cause before him.

The appellant further contends that the power of the judge as to references is found in section 293 of the code, which does not confer the power exercised here. The section referred to is found in the chapter of the code entitled, "trial by referee," and it specifies the conditions under which the court may order a trial by referees (chap. 5). These conditions are, where the case involves the examination of a long account, or the taking of an account is necessary for the information of the court, or where some question of fact, other than such as arises upon the face of the pleadings, becomes important. It may be admitted that neither of these conditions is present here, and if the court below in the absence of all of these conditions had ordered the case to a referee for trial, there would be much force in appellant's position.

It will be observed, however, that Judge Pressley has not ordered a trial by Mr. Brown, the referee. He has simply ordered that the testimony be taken and reported. The referee under this order is not authorized to report inferences or conclusions drawn from the facts, or the facts themselves; he is simply authorized to report the evidence itself. He is not empowered to exercise any of the functions of a trial judge, as to weighing and sifting the testimony, but is merely to hear the evidence and report it to the court as given before him. When thus understood, it will be seen that the order was not in violation of the section referred to.

As this power exercised by the Circuit judge is not found in the provisions of the code, the next inquiry is, does it exist, and if so, from whence is it derived? While the rules of evidence have generally been the same in equity as at law, yet the manner of taking it has always been different. The object of the law is to enable the jury to find their verdict, and for this purpose it is

essential that the evidence as a general rule in jury trials should be taken *viva voce* and before the jury, so that conflicting testimony may be weighed and sifted. But this was not deemed essential in equity causes tried by the judge, and the practice prevailed in England in equity causes of having the testimony taken in writing, before an officer of the court, or some one charged with that duty. See *Gres. Eq. Evid.*, 379, *et seq.*

This practice, descending from the English courts, prevailed in this state before the abolition of our old Court of Equity, and the consolidation of the two jurisdictions into the Court of Common Pleas, and it was ordinary practice exercised without question by the chancellors of this state when the equity courts existed to have the testimony taken at their discretion by the commissioner. We do not see that the fact that the two jurisdictions have been combined and vested in one court, should require any alteration in the mode of the examination of witnesses as to the rights of parties claiming under the one or the other, and we know of no rule of law, statute or otherwise, which demands a change in this respect, or which negatives the right of a presiding judge in an equity cause at his discretion to have the testimony taken and reported to him by a referee.

No doubt it would be better in most cases that the witnesses should be before the judge, especially where the individual credibility of the witnesses becomes important. In such cases the oral examination and cross examination of the witnesses in the presence of the judge might lead to a different conclusion than the mere hearing of written testimony taken out of court. But whether the one mode or the other should be adopted in a special case, seems to be a matter for the presiding judge. This has been the practice in this state too long to be disturbed now.

It is the judgment of this court that the judgment of the Circuit Court be affirmed.