JOHN FAIR and others *vs.* STICKNEY FARM COMPANY.

July 7, 1886.

Reference—Action Involving Complicated Accounts.—A cause of action the trial of which will, as the pleadings show, involve the taking and adjustment of complicated accounts between the parties, is of equitable cognizance, and the court may order a reference to take and state the accounts.

Appeal by plaintiffs from a judgment (in their favor) of the district court for Clay county, *Stearns,* J., presiding.

*F. D. Larrabee,* for appellants.

*Chas. D. Kerr,* for respondent.

GILFILLAN, C. J. This action was brought on a written contract between plaintiffs and defendant, by which the former agreed to cultivate a farm of defendant's, and to furnish all seed, teams, and machinery, to thresh all the crops, and deliver them at a side track of the Northern Pacific Railroad, to be designated by defendant, the crops to be the property of defendant; and the latter agreed to pay plaintiffs, as compensation therefor, all oats and barley raised, not exceeding 100 acres each year; and agreed to advance to plaintiffs money, seed, or other material, to enable them to carry out the contract; to sell each year all wheat raised, and account to plaintiffs for the proceeds of five-sevenths of it, after deducting all advances, with

10 per cent. interest thereon from the dates of making them. The plaintiffs were to leave the land ploughed at the termination of the contract, and the defendant was to retain, from the proceeds of said five-sevenths, $1,200 as security therefor. The contract was to continue for five seasons, but, after being operated for the seasons of 1880 and 1881, further operations under it were, by mutual consent, abandoned.

The complaint alleges that in each of those two seasons plaintiffs harvested and delivered 15,000 bushels of wheat, and that defendant sold and received from the proceeds of the sale of five-sevenths thereof an aggregate of $22,820.40; that during the year 1880 defendant advanced to plaintiffs, under the contract, $6,766.65, including the interest, and during 1881, $4,666.18, including the interest. It alleges a demand by plaintiffs for an accounting, and a refusal by defendant to account. It sets up, also, several other breaches of the contract, for which damages are claimed.

The answer admits the harvesting and delivery by plaintiffs of 13,-200 bushels of wheat in 1880, and 11,430 in 1881, and the receipt by defendant from sales of five-sevenths of the wheat an aggregate of $17,969.04 for the two years; and alleges advances to plaintiffs, under the contract, during the two years, of sums amounting, principal and interest, to $19,854.70. It also alleges an accounting and settlement between the parties.

This is as much as is necessary in this appeal to state of the contents of the pleadings. Upon the pleadings, and an affidavit on the part of the defendant stating, among other things, that the items in plaintiffs' account were about 300 in number, and those in defendant's account about 400, most of them small sums of money and supplies and provisions and goods and labor and teams and machinery, furnished, performed, and advanced at separate times, almost day by day, and on defendant's motion, but against the objection of plaintiffs, the court below appointed a referee to hear, try, and determine all the issues, save that upon the alleged settlement, which was reserved for a jury.

The propriety of this order is the question raised on this appeal. The propriety of it depends on the character of the cause of action—

legal or equitable—as it is disclosed by the pleadings.    If it be purely an action at law, of which a court at law has exclusive jurisdiction, and in which there was an absolute right of trial by jury, as the law stood at the adoption of the constitution, then, under the decision in *St. Paul & S. C. R. Co.* v. *Gardner*, 19 Minn. 99, (132,) holding the first subdivision of section 247, chapter 66, Gen. St. 1878, void as to such cases, the order depriving the plaintiffs of a mode of trial guarantied to them by the constitution, was, of course, erroneous.    If, on the other hand, it be equitable in its nature,—such as, under the system of administering law and equity by different tribunals, a court of equity would take jurisdiction of,—the constitutional guaranty does not apply; for at the adoption of the constitution there was in such cases no absolute right of trial by jury.    If that be the character of the cause of action, the decision referred to does not affect the matter.    In such cases the court does not get its power to order a reference from the statute.    The statute regulates the exercise of a power previously existing,—possibly restricts it, or, in some particulars, enlarges it.    *Berkey* v. *Judd*, 14 Minn. 300, (394.)

When the character of the issues made by the pleadings is considered, there can be little doubt that the action is one of which a court of equity would take jurisdiction.    Owing to the inconvenience and difficulty of adjusting conflicting accounts by a jury, and the inadequacy of that mode for settling them and ascertaining the true balance, courts of equity gradually drew to themselves jurisdiction of actions where accounts were involved, until there were very few cases requiring an accounting between parties of which a court of equity would not take jurisdiction.    The court, in *Carter* v. *Bailey*, 64 Me. 458, in its definition of such jurisdiction, excludes only cases "where the account is simple, and all upon one side, and can be fully and readily adjusted in an action of *assumpsit*, and no discovery is sought;" and includes within it cases where, in the accounting, "is involved a variety of adjustments, limitations, cross-claims, or other complications."    That the court will take jurisdiction because the account is complicated is sustained by almost all the cases where the question is considered.    We need cite only a few of them.    *Dock Co.* v. *Huntington*, 2 Chit. 597; *Corporation of Carlisle* v. *Wilson*, 13 Ves. 276;

*Courteney* v. *Godschall,* 9 Ves. 473; *Passyunk Bldg. Ass'n's Appeal,* 83 Pa. St. 441; *Kirkman* v. *Vanlier,* 7 Ala. 217; *Watt* v. *Conger,* 13 Smedes & M. 412; *Ludlow* v. *Simond,* 2 Caines, Cas. 1, 39, (2 Am. Dec. 291;) *Farmers' & M. Bank* v. *Polk,* 1 Del. Ch. 167.

The pleadings in this case disclose a condition of things in which, to get at the right of the matter, a complicated and (for a jury) a difficult mass of accounts must be gone through with. There is a wide difference between the parties as to each side of the account. The transactions were through two seasons, involving, evidently, a great many deliveries of wheat, at different times, by plaintiffs to defendant; a great many sales by defendant, probably at different prices; a great many advances by defendant of money, labor, material, and machinery, at different times, on each item of which interest is to be calculated until defendant had received from sales of plaintiffs' five-sevenths sufficient to extinguish such items. On the ground that the accounts were complicated, the case was one of equitable cognizance, to be tried in the methods pertaining to courts of equity.

There are other grounds on which the case was of equitable jurisdiction. It has in it the same element on which the case of *Garner* v. *Reis,* 25 Minn. 475, was decided; that is, that the items of account on each side are not independent claims or causes of action, but are separate parts of one continuous transaction, with respect to which the only right that either party has, as against the other, is to have the accounts fully and fairly adjusted, and to recover the ultimate balance, if any, found in his favor.

The matter being of equitable jurisdiction, the court had power to refer.

Judgment affirmed.