There is no reversible error, and the judgment of the court below is therefore affirmed.

Parker and McFie, JJ., concur.

Leland, J., absent, and Crumpacker, J., having tried the case below, did not participate in this decision.

{ ————————

[844.   May 2, 1900.]

THE PUEBLO OF NAMBE et al., Appellants, v. SIMON ROMERO et al., Appellees.

SYLLABUS BY THE COURT.

1.   PRACTICE—REFEREE'S FINDING—EFFECT OF.—A finding of fact made by a referee is equivalent to the special verdict of a jury, and can not be disturbed unless the evidence is manifestly insufficient to support it.

2.   PRESCRIPTION—WHAT IS AND ITS EFFECT.—Uninterrupted, open,
     visible, notorious, exclusive and adverse possession for more than
     ten years before suit instituted of a tract of land embraced within
     the Pueblo of Nambe, entry being made under an alleged deed of
     conveyance from said Pueblo long prior to the act of confirmation
     by Congress of said Pueblo's grant, vests a perfect title by adverse
     possession by virtue of the statute.

*Appeal* from the District Court of Santa Fe County, First
Judicial District.   Affirmed.

Facts are stated in the opinion.

BENJAMIN M. READ, GEORGE HILL HOWARD for appel-
lants.

R. C. GORTNER for appellees.

CRUMPACKER, J.—This cause was instituted by com-
plaint seeking to quiet title and to restrain repeated trespasses,
under sub-section 33, section 2685, Compiled Laws of 1897. De-
murrer and answer were interposed by appellants. The de-
murrer was overruled and the cause was referred, by consent,
to a referee, who reported his conclusions of law and findings
of fact. Appellants' exceptions to the report being overruled,
final judgment was entered in favor of appellees by the court
below.

The Pueblo of Nambe, being the owner of a league of
land in Santa Fe county, as is shown by the referee's report, as-
sembled on April 8, 1854, in public meeting, when an instru-
ment alleged to be the fee simple deed of the corporation of the
Pueblo of Nambe was there drawn, executed, read to all the
people, acquiesced in and publicly acknowledged and delivered.
The seizin of the lands described to the extent of the boundaries
named, was delivered, and the vendees, Vicente Lopez and Man-
uel Romero, entered into open, notorious, adverse possession,
built their houses on the cultivable portion of the land,
cultivated that part and occupied the tract, claiming under said
instrument. Said vendees occupied these lands for many years.
Their children and associates received the said lands from

them, and continued uninterruptedly said adverse, open and notorious possession, claiming under said instrument adversely to and in the eyes of the Indians of the Nambe Pueblo. As evidencing that possession, mesne conveyances appear in evidence, showing the occupation, claim, ownership and possession of said parties down to and including appellees.

It is argued by appellants' counsel that the fee to the land in controversy, being a tract within the ancient Pueblo of Nambe was, prior to the confirmation of said Pueblo's grant on December 22, 1858, not vested in said Pueblo, but in the United States; and that said Pueblo, therefore, could not by deed in 1854 have conveyed the same. The question as to in whom or in what authority the fee of an Indian Pueblo grant in New Mexico was vested prior to confirmation of such a grant, seems to have been settled by the Supreme Court of the United States, in the case of U. S. v. Joseph, 94 U. S. 614, wherein that court held in discussing the character of the tenure by which these communities hold their grants that "the Pueblo Indians hold their lands by a right superior to that of the United States. Their title dates back to the grant made by the government of Spain before the Mexican revolution, a title which was fully recognized by the Mexican government and protected by it in the treaty of Guadalupe Hidalgo, by which this country and the allegiance of its inhabitants were transferred to the United States." This view of the law is abundantly sustained by the same court in the recent case of the United States v. Valdez, (decided Oct. 30, 1899,) S. C. Rep. October, 1899, wherein is discussed the effect of the confirmation of the title of the grant of the Pueblo of Nambe in its relation to the United States. But the view we take of this case renders unnecessary the determination of this question, as well as of the character of the instrument under which appellees' predecessors in title went into possession in 1854. The referee has found as matter of fact that the appellees for considerably more than ten years immediately preceding the institution of their suit had been, in their relation to appellants,

PRESCRIPTION: what is and its effect.

in open, notorious, exclusive, visible and adverse possession of the tract in controversy. · It may, therefore, be immaterial by what right or title the original entry was made; but the referee has found the further fact that appellees or their predecessors in possession and title went into possession of the tract under that certain instrument, (alleged by appellees to be a deed in fee simple) in 1854, and held the premises so continuously adversely to appellants from that day to the time of instituting suit. The evidence contained in the record touching these findings is conflicting. But the referee's findings thereon are equivalent to the special verdict of a jury, and can not be disturbed unless the evidence is manifestly insufficient to sustain it. Section 2685, sub-section 155, Compiled Laws of 1897; Givens v. Veeder, (N. M.) 50 Pac. 316; Wells-Fargo & Co. v. Walker, (N. M.) 54 Pac. 877; Medler v. Albuquerque Hotel, etc., Co., 6 N. M. 331. A careful review of the testimony is convincing that the facts found by the referee are warranted by the evidence. The adverse possession here shown was sufficient to vest in appellees a perfect title to the premises by virtue of the statute. (Sec. 2938 C. L. of N. M. 1897.)

PRACTICE: referees' finding: effect of.

This conclusion disposes of the case, and it is unnecessary to consider further assignments of error; that assigned to the overruling of the demurrer to the complaint upon the ground of misjoinder of causes of action, being not well taken, sub-section 33, section 2685, clearly authorizing such joinder.

The judgment of the court below is therefore affirmed. Mills, C. J., and Parker, J., concur.