94 P.2d 972

## TIETZEL v. SOUTHWESTERN CONST. CO.

### No. 4362.

Supreme Court of New Mexico.

Oct. 6, 1939.

Frank O. Westerfield and John Venable, both of Albuquerque, for appellant.

John F. Simms and Hugh B. Woodward, both of Albuquerque, for appellee.

SADLER, Justice.

The plaintiff, Tietzel, sued defendant, Southwestern Construction Company, a corporation, to quiet title to certain real estate located within the city limits of Albuquerque. The defendant answered and by cross-bill asked that its title be quieted as against the plaintiff. After issue was joined the defendant moved for reference of the issues to a master in chancery to hear the evidence, make findings and conclusions and report to the court. The plaintiff objected, setting forth specifically his grounds of opposition. After hearing, the objections were overruled, the motion granted and the matter referred to Donald Moses, Esquire, a member of the New Mexico bar practicing law in Albuquerque.

The order of reference was made on February 27, 1937. Hearings before the master were conducted on various dates between April 6 and April 21, 1937. On June 4, thereafter, the cause was reopened before the master on his motion to secure the testimony of C. B. Beyer, an engineer, for the purpose of getting an engineer's description of a certain line which was necessary in order that the master might correctly describe the portion of the disputed areas allocated to each party. Thereafter on June 24, 1937, upon motion of the master, filed June 10, 1937, the court entered an order nunc pro tunc as of May 24, 1937, extending the time until June 10, 1937, for the master to complete hearings, make findings and file his report.

The master's report was filed on June 10, 1937, within the time therefor as extended by the nunc pro tunc order entered as aforesaid. Both parties took exceptions to certain of the master's findings and conclusions and the matter later was heard by the court upon the master's report and the exceptions thereto filed by the respective parties. The trial court after hearing made its own findings and conclusions, the effect of which was to overrule generally the exceptions of the parties to the master's report. It then entered its decree quieting title in each of the parties to certain portions of the real estate involved. The plaintiff kept good at all times his objections to the reference and to the master's actions after expiration of the statutory period of three months for filing his report.

Both sides appealed and the first question presented is plaintiff's objection to the reference.

The statute governing references was adopted as a part of our Code of Civil Procedure and appears as Article IX thereof. See L.1897, c. 73, §§ 138–158. The pertinent sections read as follows:

"105-901. *References by consent.* All or any of the issues in the action, whether of fact or of law, or both, may be referred upon the written consent of the parties. (L. '97, Ch. 73, § 138; C.L. '97, § 2685; Code '15, § 4231.)"

"105-902. *References without consent.* Where the parties do not so consent, the court may, upon the application of either, or of its own motion, direct a reference in the following cases:

"First. Where the trial of issues of facts shall require the examination of a long account on either side, in which case referees may be directed to hear and decide the whole issue, or to report upon any specific question of fact involved therein; or

"Second. Where the taking of an account shall be necessary for the information of the court before judgment, or for carrying a judgment or order into effect; or

"Third. When a question of fact other than upon the pleadings shall arise, upon motion or otherwise, in any stage of the action. (L. '97, Ch. 73, § 139; C.L. '97, § 2685; Code '15, § 4232.)"

The plaintiff, not having consented to the reference as provided by 1929 Comp. § 105-901, argues that the suit is not of a kind authorizing a compulsory reference under the provisions of 1929 Comp. § 105-902. We readily agree that none of the conditions exist warranting a reference under this section. What then is the effect in this court of a compulsory reference not specifically authorized by the statute made over the objection of one of the parties in an equity case? That is the question. The plaintiff insists that the statute is mandatory and exclusive and renders imperative the award of a new trial where it is ignored. The substance of defendant's argument is that the statute at most is merely directory and that where all the issues in an equity suit are referred even compulsorily the only effect will be to compel a disregard of the master's findings and recommendations and a review of the evidence both by the district judge sitting as a chancellor and by this court upon appeal.

Both parties cite and rely upon the case of Early Times Distillery Company v. Zeiger, 11 N.M. 182, 66 P. 532, 533. Strangely, there is to be found in this case some support for the contentions of each party. Unfortunately, too, a divided opinion as to its effect in the initial work on the case at bar resulted in the cause being taken up and fully considered upon its merits, involving the study of a rather extensive record. A reconsideration of this point, however, results in the unanimous view that the Zeiger case cannot safely be

relied upon as establishing defendant's contention as to the effect of a disregard of the statute. We now are all agreed that the statute is mandatory and exclusive and applies as well to suits in equity as to actions at law.

Upon its face the decision in the Zeiger case seems contradictory. The suit was one in equity. The very first declaration to which the territorial court gave expression in the opinion is as follows: "This is not a case which the court had power to refer to a master to hear, try, and determine, or to report the evidence, with his findings of fact and conclusions of law, except upon the written consent of the parties. Code Civ.Proc. (Comp.Laws of 1897, § 2685, subsecs. 138, 139)."

This language supports the contention of plaintiff in the case at bar. Notwithstanding such declaration, however, the court proceeded to review the errors assigned challenging the action of the trial judge in setting aside the master's findings and in substituting his own and affirmed the judgment of the lower court. It is this action of the territorial supreme court in proceeding to grant a review instead of reversing the judgment and awarding a new trial because referred without consent that furnishes the basis of defendant's argument that the statute is not mandatory in the respect here considered and its observance jurisdictional but directory instead. The only consequence argues defendant of disregarding the statute and referring an equity cause not otherwise referable except upon written consent of the parties is reflected in the effect to be given the master's findings. They are to be ignored and the chancellor will review the testimony as if reported by an examiner and make his own findings. This court in turn upon appeal, because in as good position to do so as the trial judge, itself will weigh the evidence; nevertheless, giving "some weight to the findings of the chancellor, and not reverse those findings unless clearly opposed to the evidence," citing the language of the court's opinion in Medler v. Albuquerque Hotel & Opera House Company, 6 N.M. 331, 28 P. 551, quoted approvingly in Early Times Distillery Company v. Zeiger, supra. Such is the tenor of defendant's argument.

Undoubtedly, this was the disposition made in the Zeiger case of the errors assigned which in each instance as the record in our files discloses was that the chancellor erred in disturbing the findings of the master made upon conflicting evidence. The argument is persuasive and at first blush even convincing. The territorial court had before it an equity case not of a kind which could be compulsorily referred, yet it was referred without consent and over objection. The territorial court upon appeal reviewed the evidence and affirmed the judgment. It did not award a new trial. Thus far the Zeiger case seems quite conclusive as a precedent.

A careful analysis of the case, however, satisfies us that the court never considered the point now presented, namely, the exclusive and mandatory character of the statu-

tory reference. In the Zeiger case the plaintiff requested the reference. The defendant objected. The cause was referred over the objection. The matter was heard before the master, the defendant persevering in his objection. Thus far the case is almost on all fours with the one at bar. Now appear the distinctions. In the Zeiger case, the defendant, the party opposing the reference, prevailed below upon exceptions to the master's report and appeared in this court as an appellee. With a judgment in his favor at the hands of the chancellor who had set aside the master's findings, he appeared no longer interested in the question (now moot as to him), whether the cause had been properly referred. The plaintiff, having asked the reference, evidently felt it did not lie' in its mouth to complain of what the court had done at its request, so confined its claims of error to the action of the trial judge in sustaining defendant's exceptions to the master's findings. Neither below nor in the territorial supreme court did the plaintiff (appellant) question the right of the trial judge to proceed to a hearing of the case on the master's report, under a reference requested by it, because referred nevertheless without the written consent of *both* parties. We do not intimate that plaintiff might have challenged successfully upon this ground the hearing before the chancellor upon the master's report. Yet, it is only by assuming that it could so have done and that in failing to award a new trial the territorial supreme court necessarily sensed and passed upon this question, although not urged,

that the Zeiger case becomes the precedent claimed for it by the defendant. We deny it decisive effect as a precedent surrounded as it is by such contingencies. We therefore have considered the question an open one and proceed now to give the reasons for our conclusion that the statute is exclusive and mandatory in the respect its provisions are here invoked.

■ The language of the order of reference in the case before us strongly indicates that the trial judge mindful of the equitable nature of the suit before him sought to move under his ancient chancery powers in making the reference. That he might have done so in an equity case but for the statute even without consent of the parties, giving only advisory effect to the master's findings, seems well settled. 19 Am.Jur. 255, § 371 under "Equity", Kimberly v. Arms, 129 U.S. 512, 9 S.Ct. 355, 32 L.Ed. 764; Bliss v. Anaconda Copper Mining Company, C.C., 156 F. 309; Mastin v. Noble, 8 Cir., 157 F. 506; Holt Mfg. Co. v. C. L. Best Gas Traction Company, D.C., 245 F. 354. And that he could not have done so properly without consent of the parties, even in an equity case, treating the master's findings as presumptively correct, equivalent to the special verdict of a jury and to be set aside only when manifestly wrong, is equally well settled, by the authorities just cited, and is assumed in certain early territorial decisions of our own. Marshall Field & Co. v. M. Romero & Co., 7 N.M. 630, 41 P. 517; Gentile v. Kennedy, 8 N.M. 347, 45 P. 879; Givens v. Veeder,

9 N.M. 256, 50 P. 316; Wells, Fargo & Company's Express v. Walker, 9 N.M. 456, 462, 54 P. 875; First Nat. Bank v. McClellan, 9 N.M. 636, 58 P. 347; Pueblo of Nambe v. Romero, 10 N.M. 58, 61 P. 122. Cf. Bradford v. Armijo, 28 N.M. 288, 210 P. 1070, decided after the amendment of reference statute by L.1901, c. 82, § 5. For annotations upon the subject of the weight to be accorded a master's findings, see 19 Ann.Cas. 908 and 33 A.L.R. 754.

The reason for the distinction in the effect given the master's findings in a consent reference as against the effect given them in a compulsory reference arises from the fact that in the former there has been an agreement to "a submission of the controversy to a tribunal of the parties' own selection, to be governed in its conduct by the ordinary rules applicable to the administration of justice in tribunals established by law. Its findings, like those of an independent tribunal, are to be taken as presumptively correct, * * *." Kimberly v. Arms, supra [129 U.S. 512, 9 S.Ct. 359, 32 L.Ed. 764]. Whereas, if the reference is made without consent of the parties, a different rule obtains.

"The reference to the special master to find the facts and conclusions of law was not made by consent of the parties. Accordingly his report is not clothed with that presumption in its favor which attends reports made on reference by consent. The trial court could not of its own motion abdicate its proper function or delegate it to any other person. The report, therefore, could be treated, as the record clearly shows the Circuit Court did treat it, as advisory only." Mastin v. Noble, 8 Cir., 157 F. 506, 508.

Such was the rule and practice in equity. For an excellent discussion of the whole subject see the able opinion of Judge Van Fleet in Holt Mfg. Co. v. C. L. Best Gas Traction Co., supra, the accuracy of which is affirmed in later decisions by the Circuit Court of Appeals of the 5th Circuit. Walker v. Wilkinson, 3 F.2d 867 and Smith v. Brown, 3 F.2d 926. Then came the adoption by many states of the Code provision on references. Most of the earlier decisions were concerned chiefly with the effect of the new statute upon the constitutional guaranty of the right to trial by jury, obviously not to be swept aside by any statutory fiat on references. See case notes in 48 Am.Dec. 186; 79 Am.Dec. 207, 210; 13 L. R.A.,N.S., 146; 39 L.R.A.,N.S., 58. California in its first case under the statute, Seaman v. Mariani, 1 Cal. 336, treated it as mandatory and exclusive. Cf. Smith v. Polack, 2 Cal. 92, and Smith v. Rowe, 4 Cal. 6. In the latter case the court said: "When this Court decided (in Smith v. Polack [2 Cal. 92]) that a reference could not be ordered without the consent of the parties, it intended that decision to apply to a case at common law, in which the party was entitled to a jury trial. Some misunderstanding seems to have existed in the minds of the bar as to the effect of that decision, but we entertained no doubt, at that

time, that the Court might order a reference in a case in equity."

Williams v. Benton, 24 Cal. 424 and Hastings v. Cunningham, 35 Cal. 549, both equity cases, seem to leave no doubt, however, that the statute on references is in California deemed exclusive, although neither opinion cites the earlier cases of Smith v. Rowe, supra, or Grim v. Norris, 19 Cal. 140, 79 Am.Dec. 206.

A careful comparison of our Code provision on references as originally enacted (L. 1897, c. 73, §§ 138–158) with sections 2137 to 2159, Revised Statutes of Missouri, 1889 (being sections 3605 to 3627, Mo.Rev.St. of 1879), section by section, forces the conclusion that we adopted our statute from Missouri. It is well known that in territorial days our legislature did adopt many statutes from Missouri. Except for obviously purposed changes in two or three sections the language of the two acts is identical. The order in which the various sections appear is the same and the language of the two sections with which we here are concerned is identical throughout. If adopted from Missouri, we adopted with it the construction theretofore placed upon the statute by the supreme court of that state in the equity case of Caulk v. Blyth, 55 Mo. 293. It was there held that the statute is exclusive and that a reference could be ordered only as authorized by the statute. See also, 53 C.J. 681, § 10 under "References."; Dooley v. Barker, 2 Mo. App. 325; Thornton v. Life Ass'n of America, 7 Mo.App. 544; Creve Coeur

Lake Ice Co. v. Tamm, 138 Mo. 385, 39 S. W. 791; Rice v. Robertson, Mo.App., 48 S. W.2d 172; Wahl v. Cunningham, 332 Mo. 21, 56 S.W.2d 1052; Archuleta v. Archuleta, 52 Colo. 601, 123 P. 821; Townsend v. Hendricks, 40 How.Prac. 143, 162, 163; Furman v. American Laundry Mach. Co., 142 Misc. 644, 256 N.Y.S. 249; Ferguson v. Harrison, 34 S.C. 169, 13 S.E. 332; Newell Contracting Co. v. Blankenship, 130 S.C. 131, 125 S.E. 420; Killingstad v. Meigs, 147 Wis. 511, 133 N.W. 632, 633, Ann.Cas.1912D, 1133. The decision in the Meigs case from Wisconsin is based both upon the statute and also upon a constitutional provision that "the testimony in causes in equity shall be taken in like manner as in cases at law, and the office of master in chancery is hereby prohibited," earlier construed and its object explained in Brown v. Runals, 14 Wis. 693 (Reprint 755).

In Caulk v. Blyth, supra, the court said:

"The whole subject of reference is governed by the statute. In actions for the recovery of money only, or of specific, real or personal property, an issue of fact must be tried by a jury, unless a jury trial be waived or a reference ordered as provided by the statute. (Wagn.Stat., 1040, § 12.) Every other issue must be tried by the court, which however, may take the opinion of a jury upon any specific question of fact involved, or may refer it as directed by the statute. (Wagn.Stat., 1041, § 13.) The statute provides that 'all or any of the issues of fact in the action may be referred upon the written consent of the parties.'

(Wagn.Stat., 1041, § 17.) 'Where the parties do not consent, the court may, upon the application of either, or of its own motion, direct a reference in the following cases: First, when the trial of an issue of fact shall require the examination of a long account on either side, in which case the referees may be directed to hear and decide the whole issue, or to report upon any specific question of fact involved therein; or, second, where the taking of an account shall be necessary, for the information of the court, before judgment, or for carrying a judgment or order into effect; or third, where a question of fact other than upon the pleadings, shall arise upon motion or otherwise in any stage of the action.' (Wagn.Stat., 1041, § 18.) These are all the provisions of the statute allowing references to be made. It is obvious from these quotations that the court had no right to award issues in this case and refer them to be tried by referees without the written consent of the parties. There was nothing in the case that brought it within the provisions of the 18th section above quoted.

"For these reasons the judgment must be reversed, and the cause remanded."

The Missouri courts have uniformly applied this construction to the statute. As recited in the opinion in Thornton v. Life Ass'n of America, supra, such is the construction given these sections of the Code provision on references in New York where their language is the same. The court said: "The uniform tenor of decisions in New York upon the clause in their Code of Procedure, which is identical with our own, leaves no room for doubt as to the meaning of the law. No cause can be referred without consent, except as expressly authorized by statute. Kain v. Delano, 11 Abb.Prac. (N.S.) [29] 35; Turner v. Taylor, 2 Daly 282; [Keeler v. Plank Road Co.] 10 How.Prac. 11; [Sharp v. New York] 18 How.Pr. [213] 207; [Townsend v. Hendricks] 40 How.Pr. [143] 162. The present action was in no way founded upon an account of any kind."

The Code provision on references in Colorado is more nearly that of California after the amendment of March 11, 1872 (see Chapter VI, 3 Kerr's Cyc.Codes of California, § 638), than our own, although even as amended they are still the same in substance. Construing the Colorado statute in Archuleta v. Archuleta, supra, the court said [52 Colo. 601, 123 P. 822]: "The new defendants did not consent to the reference, and the court had no authority under the Code to enter the order upon its own motion. Such a course was in direct violation of the provision of the Code (Rev.Code, § 222) which expressly says that, before the court can appoint a referee with such power, the parties must agree to the appointment, and the agreement must be filed with the clerk or entered in the court's minutes."

In South Carolina, notwithstanding the holding that the statute is exclusive and applies to suits in equity as well as actions at law the supreme court recognizes, nevertheless, the power of the chancellor to re-

fer chancery cases to a master to take testimony and report same to the court,—but not with power to make or recommend findings and conclusions. McSween v. McCown, 21 S.C. 371; Ferguson v. Harrison, supra; People's Bank v. Helms, 140 S.C. 107, 138 S.E. 622. See also, Sieber v. Frink, 7 Colo. 148, 2 P. 901.

The courts of a few jurisdictions, a decided minority, notably Minnesota, have held that in equity cases, the court does not derive its power to order references from the statute but exercises a power previously existing. See Fair v. Stickney Farm Co., 35 Minn. 380, 29 N.W. 49 and Bond v. Welcome, 61 Minn. 43, 63 N.W. 3. Wisconsin had first adopted this view in Gilbank v. Stephenson, 31 Wis. 592, and Commercial Bank v. McAuliffe, 92 Wis. 242, 66 N.W. 110, but later overruled these decisions in Killingstad v. Meigs, 147 Wis. 511, 133 N.W. 632, Ann.Cas.1912D, 1133. In Fair v. Stickney Farm Co., supra, the Minnesota Supreme Court said [35 Minn. 380, 29 N.W. 50]:

"The propriety of this order is the question raised on this appeal. The propriety of it depends on the character of the cause of action—legal or equitable—as it is disclosed by the pleadings. If it be purely an action at law, of which a court at law has exclusive jurisdiction, and in which there was an absolute right of trial by jury, as the law stood at the adoption of the constitution, then, under the decision in St. Paul & S. C. R. Co. v. Gardner, 19 Minn. 132 (Gil. 99) [18 Am.Rep. 334], holding the first subdivision of section 247, c. 66, Gen. St. 1878, void as to such cases, the order depriving the plaintiffs of a mode of trial guarantied to them by the constitution, was, of course, erroneous. If, on the other hand, it be equitable in its nature,—such as, under the system of administering law and equity by different tribunals, a court of equity would take jurisdiction of,—the constitutional guaranty 'does not apply; for at the adoption of the constitution there was in such cases no absolute right of trial by jury. If that be the character of the cause of action, the decision referred to does not affect the matter. In such cases the court does not get its power to order a reference from the statute. The statute regulates the exercise of a power previously existing,—possibly restricts it, or, in some particulars, enlarges it. Berkey v. Judd, 14 Minn. 394 (Gil. 300.) * * *

"The matter being of equitable jurisdiction, the court had power to refer. Judgment affirmed."

The effect of the Minnesota rule seems to be to limit mandatory operation of the statute to such actions at law as are not within the protection of the constitutional guaranty of right to trial by jury. Other decisions somewhat in line with the Minnesota construction are, State v. Orwig, 25 Iowa 280; Broadwell v. Dudry, 2 Ohio Dec., Reprint, 388, a nisi prius decision, and Scott v. Stuart, 22 Hawaii 459.

We are unable to escape the conclusion that our statute as similar or identical statutes have been construed in Missouri

and elsewhere was intended to be exclusive and that references in all cases not controlled by some special statutory provision are governed thereby. We pass determination of other questions raised, the one just ruled being decisive. It follows that the judgment of the lower court must be reversed and the cause remanded with directions to award a new trial.

It is so ordered.

BICKLEY, C. J., and BRICE and ZINN, JJ., concur.

MABRY, J., having presided below, did not participate.