## BOSWORTH v. HOOK.

(Circuit Court of Appeals, Seventh Circuit. January 4, 1897.)

### No. 335.

EQUITY—REFERENCE TO MASTER—MASTER'S FINDINGS.

    When a reference to a master has been made upon motion of one of the parties, and not by agreement of both, the master's finding has not the force of a verdict, or of the report of a referee; and, on exceptions thereto, the court must determine by its own judgment the controversy presented, and on appeal the reviewing court has the same power and responsibility.

Appeal from the Circuit Court of the United States for the Southern District of Illinois.

Bluford Wilson (Philip Barton Warren, of counsel), for appellant.

Thomas Worthington (Isaac L. Morrison, of counsel), for appellee.

Before WOODS, JENKINS, and SHOWALTER, Circuit Judges.

WOODS, Circuit Judge. The essential question in this case is one of fact. The intervener, Frances Hook, by her petition claimed to be the holder of a promissory note made by the Chicago, Peoria & St. Louis Railway Company for the rental of 100 gondola cars obtained of the Elliott Car Company, of Gadsden, Ala., under a contract of lease in the nature of a conditional sale. The receiver answered, denying knowledge and insisting upon strict proof of the facts alleged, and on motion of the receiver the court ordered a reference to a master to hear evidence and report the same to the court with his conclusions

thereon. Overruling exceptions to the master's report, which was in favor of the petitioner, the court ordered that the receiver pay to her, within ten days, the sum of $12,928.42, reported due, and that, in default thereof, the master should advertise and sell the cars for which the note was given, or so many of them as necessary to realize the sum due.

One of the contentions of the appellant is that the note in controversy had been paid by the maker before it came into the possession of the appellee, and in our opinion the preponderance of the evidence is distinctly that way. It is clear, beyond dispute, that the note was paid by a check, drawn in the usual course of business, upon a fund deposited in the name of T. J. Hook & Co., derived mainly from the earnings and receipts of the Chicago, Peoria & St. Louis Railway Company, and that entries showing the note paid were made at the time in the books of the company; and we are convinced that it was an afterthought, due to the known insolvency of the railway company and the probability of an early receivership, to attempt to revive the note on the pretense of a purchase by the intervener, who was herself the cashier of the railway company,—her brother, W. S. Hook, being the president, and Marcus Hook, another brother, being the secretary, treasurer, and auditor, and all three being members, and constituting a majority, of the board of directors. The note having been paid with money of the maker, it is not material to inquire whether, in the same fund out of which the money for the purpose was checked, there were or had been deposited money which belonged to the petitioner, or to her aunt, Mrs. Ellen C. Spencer, with which the payment might have been made. The name, T. J. Hook & Co., stood simply for W. S. Hook, and for money of others deposited in that name he became responsible to the owner. It is not shown that any money of the petitioner, whether held in her own right or in right of her aunt, as she testified before the master that it was, though it is not so averred in her petition, went to the use or benefit of the railway company. There is, therefore, no ground upon which she can have a demand against the receiver, or against cars or other property of the railway company in his possession.

In reaching this conclusion, which we deem it sufficient to announce without going into the details of evidence, we have not been unmindful of the rule, often stated and reiterated, that the findings of a master, concurred in by the court to which they were reported, are presumptively correct, and will be permitted to stand, unless obvious error of law or important mistake of fact has intervened. Furrer v. Ferris. 145 U. S. 132, 12 Sup. Ct. 821; Crawford v. Neal, 144 U. S. 585, 12 Sup. Ct. 759; Walker v. Kinnare, 76 Fed. 101. When, as in this case, the reference was made upon motion of one of the parties, and not by agreement of both, the master's finding has not the force of a verdict, or of the report of a referee, and, on exceptions thereto, the court must determine by its own judgment the controversy presented (Kimberly v. Arms, 129 U. S. 512, 9 Sup. Ct. 355); and, on appeal, the court of review, of course, has the same power and responsibility.

The decree of the circuit court is reversed, with direction to dismiss the petition.