## SAAKE v. LEDERER.

(Circuit Court of Appeals, Third Circuit. November 29, 1909.)

No. 56.

1. COPYRIGHTS (§ 69*)—ACTION FOR INFRINGEMENT—STATUTORY REQUIREMENTS.
    Both the right of action for infringement of a copyright, and the copyright itself, are in this case statutory, and a compliance with such statutes is essential to a right of action.
    [Ed. Note.—For other cases, see Copyrights, Dec. Dig. § 69.*
    Rights of authors to control of publication, disposition, or use of their productions independent of statutory copyright, see note to Bobbs-Merrill Co. v. Straus, 77 C. C. A. 620.]

2. COPYRIGHTS (§ 69*)—ACTION FOR INFRINGEMENT—BURDEN OF PROOF.
    In a suit for infringement of a copyright, the librarian's certificate does not per se establish the copyright; but the burden rests on the plaintiff to show compliance with the statutory requirements as conditions precedent.
    [Ed. Note.—For other cases, see Copyrights, Dec. Dig. § 69.*]

3. COPYRIGHTS (§ 23*)—WHO MAY OBTAIN—ASSIGNMENT OF RIGHT.
    A contract by which a foreign author of a dramatic composition granted the stage rights in the United States to another, and agreed to copyright the play in this country, did not convey the author's right of copyright, and an attempted copyright by the grantee in his own name was invalid, and will not support an action by him for infringement.
    [Ed. Note.—For other cases, see Copyrights, Cent. Dig. § 22; Dec. Dig. § 23.*]

In Error to the Circuit Court of the United States for the Eastern District of Pennsylvania.

Action by Emanuel Lederer against Charles Saake. From a judgment for plaintiff (166 Fed. 810), defendant brings error. Reversed.

*For other cases see same topic & § NUMBER in Dec & Am. Digs. 1907 to date, & Rep'r Indexes

Joseph H. Taulane and Hector T. Fenton, for plaintiff in error.
G. W. Pepper and Louis Steckler, for defendant in error.

Before GRAY, BUFFINGTON, and LANNING, Circuit Judges.

BUFFINGTON, Circuit Judge.  In the court below Emanuel Lederer brought suit against Charles Saake for damages for infringement of a copyright taken out by him for a dramatic composition in the German language, entitled "Alt Heidleberg." The play was the work of one William Meyer Foster, of Berlin, and it was staged and performed by the defendant in the German theater of Philadelphia. The copyright was sought to be taken out under the provisions of Rev. St. § 4952, as amended by Act March 3, 1891, c. 565, § 1, 26 Stat. 1106 (U. S. Comp. St. 1901, p. 3406), which reads:

"The author, inventor, designer, or proprietor of any book, map, chart, dramatic or musical composition * * * shall, upon complying with the provisions of this chapter, have the sole liberty of printing, * * * publishing * * * and vending the same, and in case of a dramatic composition, of publicly performing or representing it, or causing it to be performed or represented by others,"

—and section 4956 (amended as above), which is:

"No person shall be entitled to a copyright unless he shall, on or before the day of publication in this or any foreign country, deliver * * * to the Librarian of Congress * * * a printed copy of the title of the book, map, chart, dramatic or musical composition, * * * nor unless he shall also, not later than the day of publication thereof in this or any foreign country, deliver * * * to the Librarian of Congress * * * two copies of such copyright book, map, chart, dramatic or musical composition."

A verdict having been rendered for the plaintiff, and judgment entered thereon, Saake, the defendant, sued out this writ of error.

Both the right of action in this case and the copyright itself are statutory, and the means whereby Lederer sought to secure both such rights are only those recited in the foregoing sections. It follows, therefore, that failure to comply with those statutes would prevent a right of action in him against Saake from arising. Thompson v. Hubbard, 131 U. S. 151, 9 Sup. Ct. 710, 33 L. Ed. 76; Wheaton v. Peters, 8 Pet. 591, 8 L. Ed. 1055; Banks v. Manchester, 128 U. S. 244, 9 Sup. Ct. 36, 32 L. Ed. 425. When suit for infringement is brought, the Librarian's certificate does not per se establish the copyright; but the burden rests on the plaintiff to show compliance with statutory requirements as conditions precedent. Merrell v. Tice, 104 U. S. 557, 26 L. Ed. 854; Osgood v. Aloe Co. (C. C.) 83 Fed. 470.

The Constitution (article 1, § 8, cl. 8) securing to "authors and inventors" alone "the exclusive right to their respective writings and discoveries," the right of any other person to a copyright is derivative and secondary, and such latter must therefore show that he is the grantee of the author's rights. Green v. Bishop, 1 Cliff. 186, Fed. Cas. No. 5,763; Little v. Gould, 2 Blatchf. 181, Fed. Cas. No. 8,394; Yuengling v. Schile (C. C.) 12 Fed. 100. This Lederer sought to do by his contract of January 10, 1902, with Foster, the author. That contract not only does not in express terms purport to assign Foster's rights as an author to Lederer, but, on the contrary, by the provision of the

translation in evidence, that "the said William Meyer Foster agrees to have the within-named play in order to have the protection of the American law copyrighted prior to its appearance in the book trade," Foster retains to himself the privilege of copyright. On the trial Lederer testified that this was the meaning of the contract when, in answer to the question, "Do you understand you have the exclusive right to publish that book in this country, from that contract?" he said:

"I do not say that—that I have the only right. to. It says here that the author will have the book copyrighted here. That means have it set up and printed, in order that he is enabled to go into the trade and have still the protection of the American law."

It is therefore obvious that this contract, on which Lederer's sole right to procure a copyright rests, neither conveyed nor purported to convey the author's title or right to a copyright in the United States.

It is contended, however, that under the case of Belford v. Scribner, 144 U. S. 488, 12 Sup. Ct. 734, 36 L. Ed. 514, that is a matter that only concerns Foster and Lederer. We cannot give any such effect to that case. Mrs. Terhune was the authoress of the book there in question, and such authorship by the statute entitled her to a grant of copyright; her marital obligations with reference to her earnings in no way affecting her right to obtain a copyright certificate. The instrument by which Mrs. Terhune assigned to the Scribners her right as authoress to take out a copyright certificate is not printed in the case; but, whatever its form, it evidently purported to assign all the right she had. It is therefore manifest the case was fundamentally different from that before us, where the agreement between the parties stipulated that the power to copyright remained in the author, and the plaintiff testified such was the meaning of the contract.

We are therefore of opinion that Lederer failed to show any right as proprietor to a grant of the copyright sued on, and the judgment must be reversed, with instructions to enter judgment for the defendant.