### CHAUTAUQUA SCHOOL OF NURSING v. NATIONAL SCHOOL OF NURSING.

#### (District Court, W. D. New York. January 27, 1914.)

**1. COPYRIGHTS (§ 83\*)—PRIMA FACIE PROTECTION—CERTIFICATE—SEAL.**

Where a printed lecture on the administration of remedies, part of a correspondence course on nursing, was copyrighted, such copyright was shown prima facie by the certificate with seal of the copyright registration and the receipt card stating that the register had received the affidavit conforming to the requirements of Copyright Act (Act March 4, 1909, c. 320, § 16, 35 Stat. 1079 [U. S. Comp. St. Supp. 1911, p. 1477]).

[Ed. Note.—For other cases, see Copyrights, Cent. Dig. §§ 74–76; Dec. Dig. § 83.\*]

**2. COPYRIGHTS (§ 53\*)—PAMPHLETS—INFRINGEMENT.**

Complainant and defendant put out printed lectures in a correspondence course on nursing, defendant's lecture on the administration of medicines being practically identical with complainant's lecture on the same subject, especially in defining 12 steps for the administration of hypodermic injections. The original sources of information were the same, but it appeared that the author of defendant's lecture had complainant's lecture in his possession at the time he was writing for defendant. _Held_, that infringement appeared, though there were differences in the phrasing of the material and some differences in style.

[Ed. Note.—For other cases, see Copyrights, Cent. Dig. § 51; Dec. Dig. § 53.\*]

**3. COPYRIGHTS (§ 12\*)—RIGHT TO COPYRIGHT—ARRANGEMENT OF COMMON MATERIAL.**

Where complainant put out a lecture on the administration of remedies, including the giving of hypodermic injections, as a part of its correspondence course on nursing, the fact that complainant did not originate the method of giving such injections, or that the subject-matter of the lecture was taken from a common source, did not deprive it of the right to copyright, under the rule that a copyright may be claimed where the author has taken material from common sources, if he has arranged and combined it in a new way.

[Ed. Note.—For other cases, see Copyrights, Cent. Dig. §§ 14, 15; Dec. Dig. § 12.\*]

In Equity. Suit by the Chautauqua School of Nursing against the National School of Nursing. Decree for complainant.

Arthur C. Wade, of Jamestown, N. Y., for complainant.

Stanchfield, Lovell, Falck & Sayles, of Elmira, N. Y., for defendant.

HAZEL, District Judge. This action is brought in equity to enjoin the National School of Nursing from using and distributing instruction paper No. 11, entitled "Medicines and Their Administration," which complainant claims is an infringement of its copyrighted lecture No. 6, entitled, "Remedies. The Methods by which they are Administered," and for damages. The litigants are competitors in business; the complainant conducting a correspondence school of nursing at Jamestown, and the defendant, at Elmira. The plan of teaching includes a series of printed lectures or courses of instruction which are contained in brochures and delivered by mail to pupils residing at distant points. It is undisputed that there were other correspondence

---

\*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

schools in existence at the time the complainant began its business, but concededly complainant originated the plan of teaching nursing by correspondence by the distribution of printed lectures or courses of instruction detailing the approved manner of administering to the sick and alleviating their sufferings. The evidence shows that complainant's secretary in collaboration with employés originated its course, including the lecture in question, which with great particularity sets forth in 12 successive steps a method of administering a hypodermic injection, each step having a prominent and distinctive head note; and contains in relation thereto 12 illustrations, the object or purpose of the illustrations being to simplify the operation by showing how the needle should be inserted and the dose given, etc.

The defendant company disputes the validity of the registration of the copyrighted lecture No. 6, denies infringement, and alleges that said lecture was not copyrightable, as the contents thereof were matters of common knowledge long before it was written.

[1] That the lecture was protected by copyright is shown prima facie by the certificate with seal of the copyright registration and the receipt card stating that the register received the affidavit conforming to the requirements of section 16 of the Copyright Act (Act March 4, 1909, c. 320, 35 Stat. 1079 [U. S. Comp. St. Supp. 1911, p. 1477]). The case of Saake v. Lederer, 174 Fed. 135, 98 C. C. A. 571, cited by counsel for defendant, wherein there was a dispute as to the title of a copyrighted play, is not opposed to this view; it being there held that the burden rests upon plaintiff to show compliance with the statutory requirements as conditions precedent. In this case the registered certificate as to the facts contained therein is of the required standard of proof. See section 55 of the Copyright Act of March 4, 1909.

[2] It is unnecessary to review the evidence in detail with reference to infringement. It is sufficiently proven that there is substantial similarity between complainant's lecture No. 6 and defendant's instruction paper No. 11. Upon comparison of the two pamphlets I am constrained to the conclusion that the 12 steps for administering a hypodermic injection first adapted by complainant are substantially the same as those contained in defendant's course of instruction, and that the photographs illustrating the two pamphlets are very similar. In a number of instances the headings of the paragraphs or the titles of the steps in the operation are precisely the same, and where they are not identical a colorable alteration or variation is used by the defendant. There are, it is true, differences in the phrasing and perhaps in the get-up or style of defendant's lecture or instruction paper which indicate some expenditure of time and labor on its part, but in the main its production retains the principal features of complainant's lecture, and I am impressed with the view that the latter was used as a model and unfairly simulated. Indeed, the defendant conceded that the author of its production was familiar with the complainant's lecture in question and had a printed copy in his possession when writing for the defendant. Under these circumstances, he was bound to avoid simulation of complainant's article in his paper on the method for practising the same treatment, and it was not permissible for him to simply paraphrase the former. He did not, however, observe this condition,

and contended himself with imitative alterations and the use of photographs similar to those displayed in Figures 8 to 18, inclusive, of complainant's lecture, to simplify the method of instruction.

[3] It makes no difference that complainant did not originate the method of giving hypodermic injections or that the subject-matter of its lecture was taken from a common source, as it is clearly apparent that it was the first to subdivide the method into different steps with illustrations, giving each step a prominent heading, and to arrange and combine the same in a new and useful way. In Lawrence v. Dana, 4 Cliff. 1, Fed. Cas. No. 8,136, it was substantially held that a copyright might be claimed where the author of a book has taken material from sources common to all writers if he has arranged and combined the material in a new way, and that if he exercised skill and discretion in his independent work he earned the right to statutory protection. The same rule has frequently been laid down in subsequent decisions.

Defendant's instruction paper No. 11 in its present form was unfairly produced and is an infringement of the copyright in controversy, and therefore its publication and distribution must be enjoined. In reaching this conclusion I have disregarded the testimony introduced by complainant, and tentatively received at the trial, tending to show unfair simulation by defendant of complainant's stationery and advertising literature; it may be stricken out as inadmissible to show an intention to imitate complainant's business methods.

The complainant may have a decree, with costs, but without damages.