HOLT MFG. CO. v. C. L. BEST GAS TRACTION CO. et al.

C. L. BEST GAS TRACTION CO. v. HOLT MFG. CO. (two cases).

(District Court, N. D. California, S. D. July 30, 1917.)

Nos. 167, 168, 240.

COURTS ⬲352—FEDERAL COURT—REFERENCE—POWER TO REFER WITHOUT CONSENT OF PARTIES.

There is nothing in the new equity rules (198 Fed. xix; 115 C. C. A. xix) which deprives a federal court of equity of the discretionary power previously recognized and exercised to refer a case to a master, without consent of the parties, to hear the evidence in full and report his findings and conclusions on the whole case; but in such case his findings and conclusions are advisory only, and fully reviewable by the court.

In Equity. Suit by the Holt Manufacturing Company against the C. L. Best Gas Traction Company and another, with two cross-suits. On motion by the C. L. Best Gas Traction Company for reference of the consolidated suits to a master. Motion granted.

⬲For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Scrivner & Montgomery and Oscar T. Barber, all of San Francisco, Cal., for C. L. Best Gas Traction Co.

John H. Miller and Chas. E. Townsend, both of San Francisco, Cal., and C. L. Neumiller, of Stockton, Cal., for Holt Mfg. Co.

VAN FLEET, District Judge. These are cross-suits in equity between the parties for the infringement of certain patents. The cases having been heretofore consolidated for trial, the Best Gas Traction Company now moves for a reference to the master, to take the testimony and report to the court his findings and conclusions on the issues, upon the ground that the nature of the controversy and the multiplicity of the questions of fact involved present matters of such complicated detail and technical character, and the taking of so large an amount of evidence, oral and documentary, that a hearing of the controversy by the court, in the first instance, will necessarily be so prolonged and consume such a length of time as to seriously interrupt and interfere with the dispatch of the ordinary business of the court and the disposition of other cases on the calendar.

The motion is supported by affidavits of counsel of the moving party, setting forth in some detail the number of claims involved in difference and the character and extent of the evidence that it will be necessary to present, and giving an estimate of the time that, in the judgment of counsel, is likely to be consumed in the hearing. The motion is opposed by the opposite party, and affidavits of its counsel presented, of a character tending to antagonize the showing made in support of the motion.

An examination into the nature of the controversy dividing the parties, the character of the evidence, and the length of time which, within the court's experience, the trial may reasonably be expected to consume, satisfies me that the case is one which should appropriately be sent to the master, if that action may competently be had. The question raised in opposition to the motion is whether, under the new equity rules, power exists in the trial court, without the consent of the parties, to order a case to the master, for the purpose of hearing the evidence in full and reporting his findings and conclusions on the whole case for the advice of the court; the contention being that, if such power ever existed, which counsel questions, it has been taken away by the new rules.

So far as concerns the doubt suggested as to the existence of such power, when exercised within proper limitations, as the law stood prior to the promulgation of the present rules, it cannot be regarded as open to serious question. Its existence is distinctly recognized in the leading case of Kimberly v. Arms, 129 U. S. 524, 9 Sup. Ct. 355, 32 L. Ed. 764, relied on by counsel opposing the motion, and by many other cases from the Supreme Court and other federal courts—sometimes implicitly; in many instances expressly. It is enough to refer to but two or three cases, where the question is very elaborately and learnedly discussed, and the cases on the subject fully cited. See Connor v. United States, 214 Fed. 522, 131 C. C. A. 68 (opinion by Judge Morrow), and the very interesting case of Bliss v. Anaconda Copper

Mining Co. (C. C.) 156 Fed. 309 (opinion by Judge Hunt); s. c. (C. C.) 167 Fed. 342; s. c. (on appeal) 186 Fed. 789, 109 C. C. A. 133.

The line of cleavage which defines the proper limits of the court's power in the premises, and which counsel seems to have lost sight of, is well and clearly stated in these cases. If the scope of the reference, in the absence of consent, is such as to contemplate a sending of the "whole case" to the master, with the purpose that he shall "decide" it—that is, that a decree shall be entered in accordance with his findings substantially as made—the propriety of such a reference, or the power to make it, has never been recognized in this country, nor, indeed, clearly acquiesced in (although, in its early history, sometimes indulged) in the English High Court of Chancery. Henderson's Chancery Practice, 164. Such a reference is held, in effect, to involve an abdication by the court of its judicial functions and the duty which rests upon it alone to decide controversies regularly submitted for its determination, by its own judgment, which may not competently be done. And it will be found on analysis that this is all that is meant by the general expressions, found in some of the cases relied on by counsel, that a reference of the "whole case" to a master for a "decision" or a "determination" cannot be had without the consent of the parties. Stokes v. Williams, 226 Fed. 148, 141 C. C. A. 146; Hattiesburg Lumber Co. v. Herrick, 212 Fed. 834, 129 C. C. A. 288; Goldsmith Silver Co. v. Savage, 229 Fed. 623, 144 C. C. A. 33.

But if the reference be one, although covering all the issues, where the court reserves unto itself the full power to exercise its right and duty of review of the evidence and the findings and conclusions of the master, and finally deciding the case, as based on such review, then such reference may be had, although neither of the parties consent thereto. The distinction is in the effect of the master's findings. When, as held in Kimberly v. Arms, supra, the reference is by consent:

"The master is clothed with very different powers than those which he exercises upon ordinary references, without such consent; and his determinations are not subject to be set aside and disregarded at the mere discretion of the court. A reference, by consent of parties, of an entire case for the determination of all its issues, though not strictly a submission of the controversy to arbitration—a proceeding which is governed by special rules—is a submission of the controversy to a tribunal of the parties' own selection, to be governed in its conduct by the ordinary rules applicable to the administration of justice in tribunals established by law. Its findings, like those of an independent tribunal, are to be taken as presumptively correct, subject, indeed, to be reviewed under the reservation contained in the consent and order of the court, when there has been manifest error in the consideration given to the evidence, or in the application of the law, but not otherwise."

But, where the reference is had without the consent of parties, the master's report has no such effect. In other words, in the first instance, the finding of the master has, in substantive effect, the force of a final determination; in the second, it is merely advisory to the court, to be adopted only to the extent that it may accord with the judgment of the court upon a review of the whole record. Mastin v. Noble, 157 Fed. 506, 85 C. C. A. 98; In re Thomas (D. C.) 45

Fed. 786; Bosworth v. Hook, 77 Fed. 686, 23 C. C. A. 404; Garinger v. Palmer, 126 Fed. 910, 61 C. C. A. 436; Tilghman v. Proctor, 125 U. S. 136, 8 Sup. Ct. 894, 31 L. Ed. 664; Callaghan v. Myers, 128 U. S. 617, 9 Sup. Ct. 177, 32 L. Ed. 547; Babcock v. De Mott, 160 Fed. 882, 88 C. C. A. 64. Within these limitations, it has always been regarded as competent to refer all the issues to the master as to refer one or more or less than all.

Have the new rules worked any change in the powers of the court in this respect? I think the rules themselves answer the inquiry in the negative. While they were unquestionably put forth by the court after painstaking research and labor to that end, with a purpose to simplify and expedite the somewhat cumbersome and highly artificial and involved style and methods of pleading and practice theretofore obtaining on the equity side, and conform them more nearly to modern Code methods, and have undoubtedly worked great advances to that end, they exhibit throughout a studied purpose on the part of the court to avoid making any change affecting general principles or the more fundamental powers of the court as theretofore obtaining in equity administration, and an examination of them will disclose that this is as true of the particular power here involved as in all others. It is true that rule 46 (198 Fed. xxxi, 115 C. C. A. xxxi), so far as pertinent here, provides:

"In all trials in equity the testimony of witnesses shall be taken orally in open court, except as otherwise provided by statute or these rules."

And rule 59 (198 Fed. xxxv, 115 C. C. A. xxxv) follows with the provision that:

"Save in matters of account, a reference to a master shall be the exception, not the rule, and shall be made only upon a showing that some exceptional condition requires it."

But while these provisions exhibit a purpose to depart from the old method of referring all cases either to an examiner, for the taking of the evidence, or a master, for the purposes of making a report thereon, the very language imports that this restrictive requirement is not intended to be the exclusive method, but that (rule 59) it is to be left to the discretionary power of the court to say what character of case shall be deemed exceptional; and when these provisions are read, as they must be, to determine their scope with all others of a cognate character, of which there are a number (see rules 60, 61, 62, 66, 67, and 68 [198 Fed. xxxvi, xxxvii, xxxviii, 115 C. C. A. xxxvi, xxxvii, xxxviii]), they clearly negative any such limiting purpose as is here contended for.

It may be added that rule 114 of this court, providing for references to the master, was made and adopted by the judges of this court and the Circuit Judges after a full and careful consideration of the new equity rules and as being in entire harmony therewith. Among other things, that rule provides:

"The court may of its own motion direct a reference to the standing master, or other suitable person, of any cause in equity, or issue therein, presenting matters of any complicated detail or of technical or scientific char-

acter, or wherein the hearing is likely to be prolonged to such an extent as to interfere with the ordinary business of the court. * * * The findings and conclusions of the master and the proceedings had before him shall be subject in all respects to a review by the court upon exceptions to his report, but no such exception will be considered, except in the court's discretion for good cause shown to the contrary, unless it shall appear that the matter of the exception had theretofore been presented to the master in the form of an objection."

This rule would seem to conform fully to the principles above stated, and as it fully protects the rights of the parties in the particulars as to which apprehension has been expressed at the argument, I am of opinion that the interests of justice will be subserved by granting the present motion in accordance with its terms.

An order may be entered to that effect.

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes