## BERLIN v. EVANS,
### and thirty-five other cases.

(District Court, E. D. Pennsylvania. July 16, 1924.)

1. **Courts ☜352—Court may make reference to special master without consent of counsel.**

   Under equity rules 46 and 59, providing that "the testimony of witnesses shall be taken orally in open court, except as otherwise provided by statute or these rules," and that "save in matters of account a reference to a master shall be the exception, not the rule, and shall be made only on a showing that some exceptional condition requires it," where a large number of cases involving similar issues are pending at a time when the business of the court is unusually congested, it is within the power of the court to refer such cases to a special master to take the testimony and report his findings of fact and conclusions of law for the information of the court.

2. **Copyrights ☜83—Certificate of registration prima facie evidence of valid copyright.**

   Under Copyright Act 1909, § 55, as amended (Comp. St. § 9576), the certificate of registration issued by the Librarian of Congress, if uncontradicted, is sufficient proof to establish a valid copyright.

In Equity. Suits by Irving Berlin against one Evans (No. 2259), against one Miller (No. 2277), and against one Varbalow and another (No. 2321), with thirty-three other cases, entitled as follows: Fisher, Inc., v. Hexter (No. 2215); Feist, Inc., v. Evans (No. 2217); Shapiro v. Miller (No. 2219); Shapiro v. Stiefel (No. 2223); Feist, Inc., v. Segall (No. 2225); McCarthy-Fisher v. Bredenbeck (No. 2227); Witmark v. Miller (No. 2229); Shapiro v. Green & Altman (No. 2231); Remick v. Green & Altman (No. 2235); Shapiro v. Rapoport (No. 2237); Shapiro v. Segall (No. 2241); Harms v. Green & Altman (No. 2243); Remick v. M. Stiefel (No. 2245); Witmark v. Green & Altman (No. 2247); Shapiro v. M. Stiefel (No. 2249); Feist, Inc., v. Green & Altman (No. 2251); Shapiro v. Stiefel (No. 2253); Harms v. Evans (No. 2261); Broadway Music Corp. v. Green & Altman (No. 2265); Remick v. Bredenbeck (No. 2267); Shapiro v. Wolf & Lanin (No. 2273); Broadway Music Corp. v. M. Wax (No. 2275); Feist, Inc., v. Burghart (No. 2313); Feist, Inc., v. Poselsky (No. 2315); Feist, Inc., v. Vernon (No. 2317); Shapiro v. Schleifer (No. 2319); Fisher, Inc., v. Varbalow and Kantor (No. 2323); Feist, Inc., v. Hoffman (No. 2325); Waterson v. Friedman (No. 2327); Feist, Inc., v. Moldofsky (No. 2329); Waterson v. Gillman (No. 2331); Waterson v. Schleifer (No. 2333); Feist, Inc., v. Herman (No. 2335). On motions to set aside special master's report and exceptions thereto. Motions denied, exceptions overruled, and decrees for complainants.

Albert W. Sanson, of Philadelphia, Pa., for plaintiffs.

Sauder, Ehrenreich & Aarons, of Philadelphia, Pa., for defendants.

### On Motions to Set Aside Special Master's Report.

THOMPSON, District Judge. [1] In the three cases first above designated Nos. 2259, 2277, and 2321, the testimony was heard before

☜For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

me in open court. Upon ascertaining the fact that it was the intention of counsel to proceed with hearings in the thirty-three remaining cases above designated, an order was entered referring all of the cases to Walter C. Douglas, Esq., as special master to take testimony in those cases in which testimony had not been taken, and to report his findings of fact as well as his conclusions of law, with recommendations as to what orders and decrees should be entered in each of the said causes. The order of reference was made because of an exceptional condition, namely, the fact that at that time, in October, 1922, the business of the court was extraordinarily congested, and it would have been impracticable for either judge of this court to give the time necessary for the hearing and determination of this large number of cases without clogging all of the other business of the court.

Attorneys for the defendants, although the facts were well known to them, objected to the reference and availed themselves of a motion to vacate the order of reference to a special master, which was denied. They now move to set aside the report, upon the grounds (1) that as to the three cases in which the trial judge had taken testimony, it was not competent for him to abandon or delegate his functions by referring the cases; (2) that the reference was a violation of equity rule 59, for the reason that, as they claim, no exceptional condition was shown; (3) that a reference to a master cannot be made, except upon consent of the parties; and (4) that the reference was in violation of equity rule 46, providing that in all trials in equity the testimony of witness shall be taken orally and in open court.

I do not agree with the contentions of counsel for the defendants. Rule 46 provides:

"In all trials in equity, the testimony of witnesses shall be taken orally in open court except as otherwise provided by statute or these rules."

Rule 59 provides an exception:

"Save in matter of account, a reference to a master shall be the exception, not the rule, and shall be made only upon a showing that some exceptional condition requires it."

The apparent thought of counsel for the defendants is that the rule means there must be a showing of some exceptional condition, satisfactory to the minds of counsel, and they cite as authority for their contention cases the effect of which is that the decision of the case and of the issues joined by the pleadings cannot be referred to a master except by consent. See Kimberly v. Arms, 129 U. S. 512, 9 Sup. Ct. 355, 32 L. Ed. 764; Stokes v. Williams, 226 Fed. 148, 141 C. C. A. 146; Bliss v. Anaconda Copper Co. (C. C.) 167 Fed. 342; Haight & Freese Co. v. Weiss, 156 Fed. 328, 84 C. C. A. 224. The cases cited fully recognize the power of the court, under circumstances justifying it, to refer a case to a master, as do rules 46 and 59. There was nothing in the reference to the special master which left to him the decision of the case or the issues.

Without going into a refinement of discussion, it is apparent on the face of the order of reference that the function of the special master, after taking the testimony where it had not been taken, and considering the testimony already taken, and reporting his findings of fact and

his conclusions of law with recommendations, was merely advisory. In fact, it would be so under every reference where the court exercised its discretion under rules 46 and 59, unless the parties agreed otherwise as to the effect of the master's findings. The master's findings are fully reviewable by the court. My opinion in this respect is supported in Flanders v. Coleman (D. C.) 249 Fed. 757, and in Holt Manufacturing Co. v. Best Gas Traction Co. (D. C.) 245 Fed. 354, and in the cases above cited.

The motions are denied.

### On Exceptions to the Special Master's Report.

[2] In the cases of Irving Berlin v. Evans, No. 2259, Irving Berlin v. Miller, No. 2277, and Irving Berlin v. Varbalow and Kantor, No. 2321, the plaintiff's exceptions, Nos. 1, 2, 3, 4, and 5 raise the question as to whether the registration cards issued by the Librarian of Congress and offered in evidence in those three cases were sufficient to prove existence of a valid copyright.

The defendants rely upon the cases of Saake v. Lederer, 174 Fed. 135, 98 C. C. A. 571, and Bosselman v. Richardson, 174 Fed. 622, 98 C. C. A. 127. These cases arose under sections 4948 to 4971 of the Revised Statutes, which were in effect prior to the Copyright Law of March 4, 1909, as amended August 24, 1912, and March 2, 1913, and March 28, 1914 (Comp. St. § 9517 et seq.). Section 55 of the Copyright Act of 1909, as amended (Comp. St. § 9576), contains a provision not theretofore in the law, as follows:

"Said certificate shall be admitted in any court as prima facie evidence of the facts stated therein."

As there was no evidence offered to contradict the terms of the certificate, the prima facie evidence was sufficient. The exceptions upon that point are dismissed.

The testimony taken in court and in all the cases referred, the findings of fact, the conclusions of law, and the recommendations of. the special master have been carefully examined and considered, and I find no reason to disagree with the special master.

The exceptions of the defendants in the several cases under consideration are therefore dismissed, and the report of the special master in each case is in all respects confirmed, except in so far as herein modified by the allowance to the defendants of counsel fees, expenses, and costs upon the several motions to discontinue.

Decrees will be entered in substance and form as approved by the special master.