### EGNER et al. v. E. C. SCHIRMER MUSIC CO.

No. 3916.

Circuit Court of Appeals, First Circuit.

Dec. 29, 1943.

Harold Horvitz, of Boston, Mass. (Guterman & Guterman, of Boston, Mass., and Alfred Beekman and House, Grossman, Vorhaus & Henley, all of New York City, of counsel), for appellants.

H. L. Kirkpatrick, of Boston, Mass., and Francis Gilbert, of New York City (Fish, Richardson & Neave, of Boston, Mass., and Gilbert & Gilbert, of New York City, of counsel), for appellee.

Before MAGRUDER, MAHONEY, and WOODBURY, Circuit Judges.

MAHONEY, Circuit Judge.

This action was brought under the Copyright Act of March 4, 1909, as amended, 35 Stat. 1075 et seq., 17 U.S.C.A., § 1 et seq., to restrain the defendant from infringing the alleged copyrighted song popularly known by the names "The Caisson Song", the "Artillery Song" and "The Caissons Go Rolling Along".

The complaint recited that Edmund L. Gruber wrote and composed the words and music of "The Caisson Song" and assigned it with the right to publish and sell it and to secure the registration of the copyright to Egner and Mayer; that the latter on June 8, 1921, published it in a compilation entitled "Songs of the United States Military Academy" and copyrighted this compilation; that on or about January 23, 1936, they reassigned to Gruber all rights in and to the song reserving the right to publish and sell the book with the song incorporated therein; that on February 6, 1936, Gruber assigned all his rights in and to the song to the plaintiff, Shapiro, Bernstein & Co., Inc.; that the defendant is infringing the plaintiff's rights under its copyright and the plaintiff seeks an in-

junction. The defendant denies the infringement. After hearing the evidence the trial court dismissed the complaint.

In so far as they are pertinent to this decision the evidence and findings of fact by the court below are substantially as follows:

Edmund L. Gruber was an officer in an artillery regiment of the United States Army and in 1908, upon the occasion of his regimental reunion in the Philippine Islands, at the suggestion of fellow officers composed and created as an original musical composition for the artillery "The Caisson Song" which became popular during the first world war. From that time on it was frequently sung in army cantonments and played by military bands and orchestras.

In January, 1918, Carl Fischer, Inc., printed and published "The U. S. Field Artillery March" by John Philip Sousa, who had incorporated in his march most, if not all, of the Caisson Song. At some time during the years 1918 to 1921 Gruber knew of this publication and no steps were ever taken to stop it. Prior to 1921 the song was also published in the following compilations, namely: "Songs The Soldiers and Sailors Sing" published by Leo Feist, Inc., in 1918; an army song book issued by the War Department in 1918 for "free distribution to all officers and men in the Army"; "Home and Community Songbook" published in 1919 by the Boston Music Company, the predecessor of the defendant, E. C. Schirmer Music Company; and "The Boy Scout Songbook" published by C. C. Birchard & Co., in 1920.

In 1921 Egner and Mayer were stationed at the Military Academy at West Point in the capacities respectively of organist and choirmaster. At the request of the Commandant of the Academy they compiled a book of popular West Point songs entitled "Songs of the United States Military Academy" which included Gruber's "Caisson Song". Whenever they knew who was the author of a song they sought his permission to include it in their compilation. They copyrighted this book of songs in 1921. Although Mayer testified that he and Egner obtained an assignment of all right, title and interest from Gruber, he was unable to remember whether it was oral or written and the trial court found "that Gruber did not assign all of his right, title and interest in the song in 1921 to the plaintiffs Egner and Mayer, but, at most, gave them permission to include the song in their West Point compilation".

[1] The plaintiffs attack the findings of fact by the trial court as being contrary to the testimony of Mayer, but it is the function of the finder of fact, in this case the trial judge, to evaluate the testimony. This evaluation involves not only a determination as to the honesty and credibility of the witness, but, in the case of Mayer, as to the soundness of memory of transactions twenty years after the date of their occurrence. We cannot say that the findings of fact by the trial court were clearly erroneous. Rule 52, Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c.

Under the Copyright Act, 17 U.S. C.A. § 8, the persons who may have copyright are "the author or proprietor * * * or his executors, administrators, or assigns." Proprietor means the same as "assigns". Mifflin v. R. H. White Co., 1902, 190 U.S. 260, 23 S.Ct. 769, 47 L.Ed. 1040; Public Ledger v. New York Times, D.C.S. D.N.Y., 275 F. 562 affirmed 2 Cir., 1922, 279 F. 747, 1922, certiorari denied 258 U.S. 627, 42 S.Ct. 383, 66 L.Ed. 798. By the trial court's finding Egner and Mayer were licensees with permission to publish the song in their compilation. As such licensees and not assigns they were not proprietors and, therefore, could not copyright the individual "Caisson Song" when they copyrighted their compilation. Public Ledger Co. v. Post Printing & Publishing Co., 8 Cir., 1923, 294 F. 430; Public Ledger Co., v. New York Times, supra; Saake v. Lederer, 3 Cir., 1909, 174 F. 135; Fraser v. Yack, 7 Cir., 1902, 116 F. 285; see American Press Association v. Daily Story Publishing Co., 7 Cir., 1902, 120 F. 766, 66 L.R.A. 444. When their compilation was put on sale at the West Point Hotel, this publication and sale with the consent of Gruber amounted to such a general publication as to dedicate the song to the public and worked an abandonment of Gruber's common-law right to a copyright. "If an author permit his intellectual production to be published * * * his right to a copyright is lost as effectually as the right of an inventor to a patent upon an invention which he deliberately abandons to the public, and this, too, irrespective of his actual intention not to make such abandonment." Holmes v. Hurst, 1899, 174 U.S. 82, 89, 19 S.Ct. 606, 609, 43 L.Ed. 904. Wagner v. Conried, C.C.S.D.N.Y.1903, 125 F. 798;

see Werckmeister v. American Lithographic Co., 2 Cir., 1904, 134 F. 321, 326, 68 L.R.A. 591.

It is to be noted that the witness Toeniskoetter testified that Gruber told him in 1930 that the song had not as yet been copyrighted but that he intended to copyright it. From this testimony, which the trial court evidently believed, the inference is that Gruber did not intend that Egner and Mayer should copyright the song. The trial court found that Gruber did apply for copyright registration in 1930. The plaintiffs in contending that the Egner and Mayer compilation copyright in 1921 copyrighted the song, argue that the copyright in 1930 was not the first copyright of the song but one of a bugle arrangement which was copyrightable separate and apart from the song itself. Whether or not that was a separately copyrightable arrangement, there was evidence that Gruber thought that it was the first copyright of the song. This belief of Gruber's that the song had not been copyrighted earlier and his conduct in applying for copyright registration in 1930, as well as his conduct before that time in allowing the song to be used widely by the army and by Sousa, is consistent with the finding that Gruber only gave Egner and Mayer permission to publish as distinguished from an outright assignment.

The judgment of the District Court is affirmed.