## DETECTIVE COMICS, Inc., et al. v. FAWCETT PUBLICATIONS, Inc., et al.

District Court, S. D. New York.

Nov. 24, 1944.

Phillips, Nizer, Benjamin & Krim, of New York City (Walter S. Beck, of New York City, of counsel), for plaintiffs.

DeWitt, Van Aken & Nast, of New York City (Nims, Verdi & Martin, by Wallace H. Martin and M. L. Severn, all of New York City, of counsel), for defendant Fawcett Publications, Inc.

Guggenheimer & Untermyer, Harry Hoffman, and Rudolph E. Uhlman, all of New York City, for McClure Syndicate, Inc.

M. H. Lavenstein, of New York City, for Republic Pictures Corporation and Republic Productions, Inc.

BRIGHT, District Judge.

This is another motion by the defendant Fawcett Publications, Inc., for an order (1) instructing the witness Nimis, assistant treasurer and secretary of The McClure Newspaper Syndicate, Inc., plaintiff's licensee, to answer questions propounded to him on July 5 and 6, 1944; (2) to produce (a) a mat or matrix used by McClure in syndicating "Superman," (b) the mat or matrix supplied to the New York Post for use in printing "Superman" published in the issue of that newspaper on July 10, 1939, or the plate used in the production of the mat or the printer's proof made from such plate; (c) the agreement between McClure and New York Post relating to the publication of "Superman," and (d) all records of McClure showing which of the publishers of "Superman" had with McClure written contracts or oral contracts; and (3) directing counsel for plaintiffs and McClure to refrain from certain alleged dilatory and obstructionist tactics in such examination.

The defendant Republic Pictures Corporation appears for the first time upon this motion, and seeks a revision of my previous decisions relating to the subpoena duces tecum served by Fawcett upon McClure.

The complaint alleges that Detective Comics, between June, 1938, and July, 1941, was the author, proprietor and publisher of "Action Comics," and between the summer of 1939 and the spring of 1940, of a periodical entitled "Superman"; that Superman, Inc., between the summer of 1940 and July-August, 1941, was such author, proprietor and publisher of the periodical "Superman"; that both complied with the copyright law of March 4, 1909, and received certificates of registration for the several periodicals; that on September 22, 1938, Detective Comics, Inc., licensed McClure to publish in newspapers a cartoon strip and continuity entitled "Superman," pursuant to which McClure published such strip and continuity, copyrighted the same between August 1, 1939, and November 1, 1940; and on July 22, 1941 (this action was commenced on September 9, 1941), McClure assigned to De-

tective Comics, Inc., the copyrights obtained by McClure and all claims and causes of action which it might have by reason of its ownership of the copyrights and copyrightable material, and that since July 22, 1941, Detective Comics has been the sole proprietor in and to such copyrights and newspaper strips.

The questions which seem uppermost in all of this procedural bickering are whether or not a proper or any copyright notice accompanied the publications of "Superman," what effect the lack or improper form of such notice may have upon the right to prevail in this action (brought to restrain an infringement of "Superman" by "Captain Marvel," the defendant's comic strip), and whether plaintiffs or McClure, or both, had knowledge of or acquiesced in such lack or form of notice.

It is not necessary to decide these legal questions in order to dispose of this motion.

■ It seems clear to me that the plaintiff Detective Comics, as assignee of the property mentioned, took no more than McClure, its assignor, had at the time of the assignment. West Publishing Co. v. Edward Thompson Co., C.C., 169 F. 833, 847, modified on other grounds, 2 Cir., 176 F. 833; Davies v. Bowes, D.C., 209 F. 53-55, affirmed 2 Cir., 219 F. 178; T. B. Harms & Co. v. Stern, 2 Cir., 231 F. 645-647; Egner v. Schirmer Music Co., D.C., 48 F.Supp. 187-190, affirmed 1 Cir., 139 F.2d 398. If this is so, then the status of McClure, insofar as "Superman" is concerned, and the validity of its copyrights relating thereto, is a material inquiry and any facts bearing upon that subject would be "relevant to the subject matter involved in the pending action." Rule 26(b), Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c.

With these thoughts in mind, I make the following rulings, even though they may be inconsistent with some former disposition which I have made on previous motions:

1. The witness Nimis is directed to answer the questions appearing in the stenographer's minutes on pages 102 (last question), 103, 118, 120 (third and fourth questions), 121, 139 (last question), 140 (last question), 162 (first two questions), 164, 179, 195, 198 (last question), 204, 211, 218, 223, 224 (first question), 227, and 228 (two questions).

■ 2. The witness is directed to produce the mat or matrix supplied to the New York Post for use in printing "Superman" in the newspaper of July 10, 1939, or the plate used in the production of the mat or the printer's proof made from such plate. In view of this production, it will not be necessary for the witness to produce a mat or matrix used by McClure in syndicating "Superman." The witness is also required to produce the agreement between McClure and New York Post relating to the publication of "Superman" and there may be blocked out of such agreement such parts thereof similar to those blocked out in the agreement between Detective Comics and "Superman" dated September 22, 1938; in other words, parts which may be deemed confidential. The witness is also required to produce a tabulation showing which of the newspapers listed on defendant Fawcett's exhibits 1, 2, 3 and 4, have or had written contracts with McClure with reference to the publication of "Superman," which had contracts by letter and which had oral contracts, as requested on page 211 of the stenographer's minutes.

■ 3. I think the stenographic record of the examination before trial of Mr. Nimis clearly shows conduct on the part of counsel which would not have been indulged in were the testimony taken before a judge or in open court; nor would it have been indulged in, and certainly if indulged in, would not have been permitted, if it occurred in the trial of the action. There seems to be no reason why, therefore, counsel should conduct themselves upon an examination before trial any differently than in the trial of the case. The Rules of Civil Procedure specifically provide that objections to the competency of a witness or to the competency, relevancy or materiality of testimony are not waived by failure to make them before or during the taking of the deposition unless the ground of the objection is one which might have been obviated or removed if presented at that time. Rule 32(c). One of the counsel seems to think that it was his province to make objections whenever he saw fit notwithstanding this rule and stipulation by his opponent that objections to any testimony might be reserved until the trial, and to include in his objections statements which were clearly made for the information of the witness. Frequently

the witness adopted the suggestion so made, but whether adopted or not, the making of the statement and the objection and very often further colloquy not at all dignified or proper in the conduct of a legal proceeding, have increased the stenographic record beyond what it ought to be. Thus, the instruction not to answer appearing at page 56 was entirely unnecessary and the question was unobjectionable under the circumstances. The objections and colloquy were entirely unnecessary and a waste of time as they appear on pages 57-58, 64-65 and 85-86. The interruptions in the conduct of the examination were entirely unnecessary as they appear at pages 59, 68, 69, 70, 82, 83, 113, 144, 145, 168, 169, 170, 171 and 197. The suggestions made by counsel to the witness as to his answers were improper as appear at pages 62, 63, 64, 79, 113, 129, 133, 145, 206, 219 and 225. And the repetitions by counsel for the defendant Fawcett appear to be entirely unnecessary as shown at pages 64, 65, 67, 87 and 111.

The order to be entered upon this memorandum shall be settled on notice.