### LEIGH v. BARNHART et al.
#### Civ. No. 95–49.

United States District Court
D. New Jersey.

March 15, 1951.

See also, D.C., 10 F.R.D. 279.

William V. Azzoli, Newark, N. J., Dorothy Frooks, New York City, for plaintiff.

Rothbard, Harris & Oxfeld, Samuel L. Rothbard, and Abraham L. Friedman, all of Newark, N. J., for defendants.

MEANEY, District Judge.

Findings of Fact

1. Plaintiff, an artist, created and painted an original work of art on canvas, named "Struggle for Existence", on which he subsequently registered a copyright.

2. Thereafter Parade Publications, Inc., a New York corporation, published a reproduction of the painting in its "Parade Magazine" with the permission of plaintiff. Plaintiff, however, did not assign his copyright. Parade registered a copyright on the issue of the magazine containing the reproduction although the reproduction itself inadvertently was not marked copyrighted. The magazine was circulated widely throughout the United States.

9. 29 Code of Federal Regulations 790.15; Burke et al. v. Mesta Mach. Co., D.C.W.D.Pa. 1948, 79 F.Supp. 588.

3. Subsequently Parade assigned to the plaintiff "all rights and interest the Assignor may have in the copyright of the painting * * *".

4. Defendants, as part of a union-organizing campaign, published and circulated approximately 750 handbills entitled "Horse Sense" which contained a reproduction of plaintiff's painting copied from the Parade reproduction. They had no notice of plaintiff's copyright.

5. The evidence submitted on behalf of plaintiff showed no actual pecuniary damage.

### Discussion

Plaintiff's action is based on the alleged infringement of two copyrights. First, he sues for an alleged infringement of his own copyright on the original work of art, and secondly, as assignee, for the alleged infringement of a copyright on the reproduction in Parade Magazine.

For the purpose of this case, it need not now be decided whether plaintiff's copyright was forfeited or dedicated to the public by publication without notice of said copyright. See: Krafft v. Cohen, 3 Cir., 1941, 117 F.2d 579. However, since it is clear, so far as the record in this case is concerned, that defendants' infringement was innocent and without notice, plaintiff's cause of action, with respect to his copyright on the original painting, must fail. 17 U.S.C.A. § 21. Wilkes-Barre Record Co. v. Standard Advertising Co., 3 Cir., 1933, 63 F.2d 99.

Plaintiff's claim, founded on Parade's copyright of the periodical, likewise fails. The statute, 17 U.S.C.A. § 9, recognizes only "The author or proprietor * * * or his executors, administrators, or assigns * * *" as entitled to valid copyright. Parade did not fall within that class with respect to the reproduction of plaintiff's painting. The plaintiff testified that Parade asked for the right to reproduce his painting once, that he gave that right, and that it was understood that they had the right to use it only once. Such a transfer of rights amounts only to a license; it clearly is not an assignment of full rights. A licensee is not a proprietor within the meaning of the Copyright Law

and is not entitled to copyright. Egner v. E. C. Schirmer Music Co., 1 Cir., 1943, 139 F.2d 398, certiorari denied 322 U.S. 730, 64 S.Ct. 947, 88 L.Ed. 1565; Eliot v. Geare Marston, Inc., D.C.E.D.Pa.1939, 30 F.Supp. 301; Kaplan v. Fox Film Corp., D.C.S.D. N.Y.1937, 19 F.Supp. 780. Moreover, it is noted that Parade's assignment to Leigh purported to convey not the copyright of the reproduction, but the copyright on the original work, which Leigh testified he did not give. Thus even if Parade had secured a valid copyright to the reproduction by registration of the periodical, it is doubtful whether plaintiff would have succeeded to that copyright by virtue of this assignment.

### Conclusions of Law

1. The court has jurisdiction of the parties and of the subject matter. 28 U.S.C.A. § 1338.

2. Defendants' use of a reproduction of plaintiff's painting was an innocent infringement. 17 U.S.C.A. § 21.

3. Parade's copyright of its periodical did not extend to the reproduction of plaintiff's work of art since Parade was not the proprietor within the meaning of the Copyright Law. 17 U.S.C.A. § 9.

4. Plaintiff is not entitled to recover.

Settle order and judgment on notice.